BLISS & LOGAN *v.* GEORGE W. PATTEN and Wife & another.

A mechanic's lien cannot be enforced against the interest of any one in an estate, upon which interest, no claim of lien is made in the notice, required to be filed in the town clerk's office.

Previous to the Revised Statutes, the contract or request of a married woman, for the performance of work upon her estate, need not have been in writing, to have subjected her estate to the lien of a mechanic, for the work done or materials furnished to improve it.

The bearing of a message from her husband, to a person employed by the husband to erect a house upon her estate, in relation to it, although she also expresses her satisfaction with what satisfies him, was not, under the old law, conduct of a wife, from which the jury could infer her contract or assent, that her interest in the estate should be subjected to a lien for the price of the work and materials originally furnished for the erection, upon the credit of her husband.

The fact that a son of the party contracting for the building of a house, passed through the yard, and by the door of the house, whilst the work was going on, and saw one of

the petitioners at work there, is not such evidence of his request for the doing of such work, &c., as will subject his interest in the estate, to a mechanic's lien, for the price of the work, &c.

PETITION to enforce a mechanic's lien, for work done and materials furnished, in the building of a house on the land of the respondents in Cranston, at their request. The petition was filed in the court of common pleas for the county of Providence, in June, 1857, before the jurisdiction over such petitions was vested in the supreme court sitting in equity.

At the trial before Mr. Justice Shearman, with a jury, at the June term, 1858, of the court of common pleas, at Providence, it was proved and admitted, that at the time of commencing the work, and delivering the materials charged to the estate, the title to the estate was in Aden Patten, Jr. and Elizabeth A. Patten, the latter the wife of George W. Patten, and that the work was done and the materials were furnished at the request of George W. Patten. There was no other evidence of the assent of Elizabeth A. Patten to the doing of the work, &c., except, that once she went to the house, during its construction, and told one of the petitioners, that "George wanted the border to the paper in the entry; and if he was suited, all would be suited." It was proved that, once, Aden Patten, Jr., went through the yard, and by the door of the house, and saw one of the petitioners at work there; but it was admitted, that although Aden Patten, Jr., appeared by the records to be the owner of an undivided half of the estate, his real interest in it was only to the amount of about one hundred dollars, and to the amount of such work as he might perform upon the estate; and that he did not pretend to have, or exercise, any control over the building or management of the estate.

From this testimony, the court instructed the jury, that they might infer a knowledge and assent of Aden and Elizabeth Patten to the performance of the work and delivery of the materials charged, and such an assent on their part thereto as would subject their interest in the estate to the lien claimed upon it by the petitioners; and that the verbal or implied assent of Elizabeth, though a married woman, to the performance of the work and delivery of the materials, would subject her interest

32 *

in the estate to the lien. The respondents also, at the trial, objected to the lien claimed, because the petitioners set forth in their petition a claim against George W. Patten, Elizabeth A. Patten, his wife, and Aden Patten, Jr.; and in the notice, lodged by them in the town clerk's office, stated, that the claim referred to the estate of Elizabeth A. Patten and Aden Patten, Jr. This objection was overruled by the court, upon the ground, that the notice referred expressly to the deed of the estate to Elizabeth and Aden, by date, and by the book, and page of the book, in which it was recorded.

The respondents having duly excepted to these instructions and rulings, and the jury having returned a verdict that the petitioners had a lien upon the estate, as claimed in their petition, the exceptions of the respondents, having been allowed, were brought to this court to be considered.

*Payne* and *Colwell,* for the petitioners.

*B. N. Lapham,* for the respondents.

BRAYTON, J. The first question submitted upon the argument of these exceptions, arises upon the notice, filed in the city clerk's office, with the account, for the amount of which the lien is claimed. The filing of the account there, is declared by the statute, to be the commencement of legal process to enforce the lien created; and the statute provides, that in addition to the filing the account, the petitioners shall give notice to what building, land, &c., and "to what or whose estate in the same, the said account or demand refers;" and this notice shall be made matter of record by the clerk. The petitioners duly filed their account, and gave notice that it related to the estate of Elizabeth A. Patten, the wife of George W. Patten, another of the respondents here, and of Aden Patten, Jr.; describing the land and buildings, as being the estate conveyed by Henry Waterman and wife to the said Elizabeth and the said Aden, by deed dated April 11, 1856. The notice, however, mentions no estate or interest of George W. Patten, as an estate, or interest, in the premises described, upon which they claimed that the lien had attached, or to which the account related; and the question is, whether the petitioners can now proceed to enforce a lien against any estate that he may have

Bliss & Logan *v.* Patten and Wife & another.

in the premises.  The purpose of the act, in this provision, was, to require the lien-claimant to state, not merely the land or property to which the lien may have attached, but also upon whose interest therein he claimed that the lien had attached, and against which it should be enforced.  This, he was required to do, not only that the several owners might have notice to defend their respective interests, but, since the lien would be an encumbrance upon the property, to give notice to creditors and purchasers, of encumbrances affecting the title.  In view of this provision of the act, and of the fact, that no notice is given that the account refers to the estate of George W. Patten in the premises described, we do not see how the petitioners can now proceed to enforce a lien against any interest which he may have.

It is urged by the petitioners, that as their account filed is one against all the respondents, the said George W. Patten, as well as the others, Elizabeth and Aden, the notice may well be, and ought to be intended, as relating to his interest also, as one to which the account refers, and against which the lien was intended to be enforced.  The statute is quite clear in its provisions in this respect, and we must presume the petitioners understood its terms.  If so, it must be presumed, also, that in neglecting to state that the account referred to any interest of George W. Patten, they waived any lien as to him, though they might have a personal claim.

On the trial of the cause to the jury, it was in evidence, that the contract, under which the work was done, was made with the petitioners, by George W. Patten alone.  There was no other evidence of any request to them by the wife, to do the work, given or offered for that purpose than this, that on one occasion she was at the house where the petitioners were at work, and stated what were her husband's wishes in regard to the border of some paper in the entry, and added, "if George (her husband) was suited, all would be suited."  This act of the wife, the petitioners claim, was evidence of a request on her part for the performance of the work, sufficient to bind her estate; and the court instructed the jury, that they might infer such request from the evidence.  This instruction is excepted to by the respondent.

One objection made by the respondent to this instruction is, that no lien can be created upon the estate of a married woman unless by an instrument, executed with the formalities required by the statute of conveyances, sealed, and acknowledged by her, apart from her husband, and that a lien cannot be created by parol, as is claimed in this case. This position is untenable. The act declares that the estate shall be made liable, and stand pledged for all work done thereon " by contract with, or at the request of the owner." The lien is created by force of this act alone. If, therefore, there be a contract for the work, or if there be a request for its performance by the owner of the premises, the lien attaches, without more. By the Revised Statutes, in case of a married woman it is required, that this request or contract shall be in writing. The former act, under which this proceeding was had, contains no such provision ; but the contract, or request, need be proved by such evidence only, as would be requisite, in other cases, by the rules of evidence.

The other objection, made by the respondents to this instruction to the jury, was, that if parol evidence is admissible to prove a request by Elizabeth A. Patten, the wife, yet that the evidence offered on the trial was wholly insufficient, and does not amount to *primâ facie* proof of such request by her. In this objection there is certainly much force. The contract for this work, as the exceptions state, was originally made by George W. Patten alone, and in his own name. The work commenced under that contract with him, and as it appears, without any concurrence on the part of the wife. In the progress of the work, she comes apparently to convey to the petitioners a message from the person who had contracted with them ; she is the wife of the person at whose request the work was commenced. She expresses merely his desire as to the manner in which it should be done, and apparently as his agent ; and certainly she does it in a manner in which a wife might be expected to communicate such a message. She expresses no wish of her own, gives no direction, makes no inquiry, assumes no responsibility ; much less does she express any wish or desire that the work should be done for her, or at her expense. To say that if it pleased her husband it would

please herself, and all would be pleased, is but saying that she and they desired that his wishes should be gratified. No suggestion is made by any one, as to the circumstances under which the petitioners were employed, from which any implication of a request might properly be drawn from her silence; and the whole evidence lacks the first element of any affirmative request; and we think it entirely insufficient to warrant a verdict, and that this exception should be sustained.

The third exception, which is to the instruction given by the court upon the evidence submitted to prove a request by Aden Patten, must be sustained. The evidence, as stated, is simply that he passed the house on one occasion while the work was in progress, and saw one of the petitioners at work there, and passed on. It does not appear that he had any communication with either of the petitioners,—that he knew what they were doing, for whom, at whose request, that he made any inquiry, or that any was made of him, or that he had any intimation, that work was done on the credit of the estate, or that the petitioners looked to it, or to him, for payment.

The instruction to the jury that they might infer a request of Aden Patten to do the work, we think, was erroneous; and this exception must also be sustained. *New trial granted.*