JOHN A. B. CAMERON *et al. vs.* JAMES McCULLOUGH *et ux.*

Under Gen. Stat. R. I. cap. 166, a mechanic's lien does not attach to the estate of a married woman for any improvement thereon made, unless such improvement has been contracted for in writing by her jointly with her husband, or has been contracted for by the husband with the wife's consent in writing.

PETITION IN EQUITY for the enforcement of a mechanic's lien. The facts are stated in the opinion of the court.

*Tillinghast & Ely*, for complainants.

*Francis W. Miner & M. D. L. Mowry*, for respondents.

*July* 17, 1875. DURFEE, C. J. This is a petition for the enforcement of a mechanic's lien against the real estate of the defendants. The defendants are husband and wife, but they own, or did own when the lien is alleged to have accrued, the real estate as tenants in common. The lien is claimed on account of a house built upon the real estate under a contract in writing made with the wife, and which purports to bind only the wife.

The husband was not at home when the contract was made nor when the work was commenced. He came home the day after the work commenced, and at once put a stop to it and sent away the workmen. Afterwards, however, he withdrew his opposition and allowed the work to go on, witnessing its progress at different times, and on one or more occasions directing certain things to be done in variation from the contract, but the additional expense caused thereby was paid by his wife. He came with his wife from New York at one time when she came for the purpose of making a payment under the contract, and the testimony satisfies us that he was present when the payment was made. There is, however, no testimony to show that he ever expressly assumed the contract or promised to fulfil its stipulations. Neither do we find any testimony to show that the contractor regarded him during the progress of the work as a party to the contract. He would naturally have asked him to sign it, if he had wished to bind him by it. He did not do so ; but was content with simply a permission to go on under the contract as it was. Indeed, he does not seem to have doubted the capacity of the wife to contract in her own behalf. He says in fact that she told him the money to be used was hers, left to her by her former husband, and that she did n't want her husband to have anything to do with the matter.

The petitioners contend that it is enough to bind the estate of the defendants that the husband acquiesced in the work. Doubtless it is enough if he acquiesced under circumstances which authorize us to infer a promise on his part to pay for the work, or even in the absence of circumstances to repel such an inference. The difficulty in this case is, that here there was an express contract, made not with the husband but with the wife, and purporting to bind only the wife ; and there is no positive evidence to show either that the husband had any reason to suppose that the contractor intended to look to him personally, or that the contractor did entertain such an intention, until after the work was done or nearly done, and the wife failed to fulfil her contract. Under such circumstances we do not feel authorized to infer from the acquiescence of the husband, or rather from the withdrawal of his opposition to the work, and from the few directions which he gave in regard to it, a promise on his part to

pay for it, either severally or jointly with his wife. On the other hand, we think the most that can be inferred is that when he found his wife had made the contract, and that the petitioner Cameron was willing to perform it trusting to her responsibility, he withdrew his opposition and permitted the work to proceed under that understanding. In this view the petition must be dismissed ; for under our statute (Gen. Stat. R. I. cap. 166, § 1) the lien accrues only when the work is done " by contract with or at the request of the owner " of the land, or " by the husband of such owner with the consent of his wife in writing." In this case we think the wife alone made the contract, and it is not even claimed that her contract or request made independently of the husband is sufficient to entitle the petitioners to a lien. And see *Hayes* v. *Fessenden*, 106 Mass. 228, and *Knapp* v. *Brown*, 45 N. Y. 207.          *Petition dismissed.*

NOTE. — MATTESON, J., did not sit with the court when the above petition was heard.

After this opinion had been given, the complainants moved for a rehearing of the cause.

*Tillinghast & Ely*, in support of the motion.

The petitioners have asked a reargument in this case, partly on account of the importance of the question and principles involved, but more particularly because, as is evident from the opinion, they failed at the former hearing to make their full position understood. For, though then laying particular stress upon the testimony which seemed to them to show that the husband had made himself a party to this contract, they by no means meant (as seems to have been understood by the court) to admit that this was essential to their right to recover ; but intended to claim, and supposed they were understood to claim as they now claim, that the wife's interest in the estate was equally well bound by her contract alone. And it is to this question that they now respectfully ask the attention of the court.

The facts are these. The contract is in writing and is signed by Mrs. McCullough. It was for building a house upon an estate held by her in fee simple to her sole and separate use under the statute, and was for the benefit of the estate, which was before a vacant unimproved lot. The house was actually built

under the contract, upon a lot which by intermediate partition by mutual deeds has been set off to Mrs. McCullough in severalty; and it is upon this lot with the house upon it that the lien is now claimed.

The case, in this aspect, it is believed, resolves itself into two questions: —

*First.* Whether in this state the estate of a married woman, held to her separate use under the statute, is charged in equity by her simple written contracts, entered into with express reference to it and for its benefit?

*Second.* If so, whether such charge may not be equally well enforced in a proper case by petition under the mechanics' lien law as by general bill?

1. The first question it is submitted — though it is believed it is now presented for direct adjudication in this state for the first time — can scarcely at this day be considered an open one. For that the estate of a married woman held to her separate use, whether such estate be legal or equitable, and whether it be so held under deed, statute, or settled trusts, to the extent, at least, of her beneficial enjoyment of, or control over it, is in equity charged by her contracts of this nature, may now fairly be said to be the universally established doctrine of the courts of equity both of England and of this country. Indeed, the question has always rather been whether her estate is not more broadly charged by her general engagements, whether written or verbal; and what circumstances are necessary in these classes of engagements to charge the estate.

The growth of the doctrine in the English courts may well be traced through the following cases: *Hulme* v. *Tenant*, 1 Bro. Ch. C. 16 (1778); *Murray* v. *Barlee*, 3 Myl. & K. (10 Eng. Chan.) 209 (1834); *Owens* v. *Dickenson*, 1 Cr. & Ph. (18 Eng. Chan.) 48 (1840); *Vaughan* v. *Vanderstegen*, 2 Drewry, 165 (1853); *Johnson* v. *Gallagher*, 3 De Gex, F. & J. 494 (1861); *Shattock* v. *Shattock*, L. R. 2 Eq. 182 (1866); *Mrs. Mathewman's case*, L. R. 3 Eq. 781 (1866); *Butler* v. *Cumpston*, L. R. 7 Eq. 16 (1868); *Picard* v. *Hine*, L. R. 5 Ch. Ap. 274 (1869); *McHenry* v. *Davies*, L. R. 10 Eq. 88 (1870).

The American cases, where not controlled by statutes, may generally be divided into two classes: though in some placed in

the second class, the question seems as yet to have arisen only upon that class of contracts, while the reasoning indicates that, when the question arises, the courts may be prepared to sustain the broader charge.

*First.* Those which adopt the broad English doctrine that the estate is charged by the wife's general engagements, at least if in writing.

*Second.* Those which, to create the charge, require that her contract be entered into either with express reference to, or upon the faith of, or for the benefit of, the estate.

The case at bar falls plainly within this second class, and within those cases under it which hold to the strictest rule. But whether at the present day, with the extended and constantly extending powers and control over their separate estates conferred by statute upon married women (and *quære*, whether our own statute, cap. 152, § 7, does not already give her full power to convey it, or at least her interest in it, by her own separate deed, independently of her husband), the broader English doctrine is not the true one, may well be doubted. And it is believed that, when the question arises, this court will feel itself at entire liberty to regard it as still an open question here. *Metcalf* v. *Cook*, 2 R. I. 355, may perhaps well stand upon its own peculiar circumstances. Its *dicta*, so far as they may be supposed to go beyond it, have already been overruled by *Ives* v. *Harris*, 7 R. I. 413; and certainly *Cozzens* v. *Whitney*, 3 R. I. 79, is plainly too ill considered to be regarded as conclusively settling the law for the present time. And compare Revised Stat. R. I. cap. 152, § 15.

II. We assume, therefore, that in equity the wife's estate is charged with this contract. The question then remains: Shall this charge be enforced under the present petition for enforcing the mechanics' lien? Why not? Certainly no principle is violated. There is nothing in either the letter or the spirit of the statute to forbid it; and the real justice of the case demands it. The proceeding is in equity, and is as well adapted, and the court has as ample power to work out the charge as could be done under a regular bill. Nor is ample authority wanting. Wherever the question has arisen the lien has been sustained and enforced in like cases, under very similar statutes and facts.

In New York, in *Hauptman* v. *Catlin,* 20 N. Y. 247 ; in Ohio, in *Machir* v. *Burroughs,* 14 Ohio St. 519 ; in Kentucky, in *Marsh* v. *Alford,* 5 Bush, 392 ; in Indiana, in *Littlejohn* v. *Millirons,* 7 Ind. 125 ; see also *Lindley* v. *Cross,* 31 Ind. 106 ; in Iowa, in *Greenough* v. *Wiggington,* 2 Greene, 435 ; in Missouri, in *Tucker* ·v. *Gest,* 46 Mo. 339 ; in Minnesota, in *Carpenter* v. *Leonard,* 5 Minn. 155. See also *Barto's Appeal,* 55 Pa. St. 386 ; Phil. Mech. Liens, §§ 96–99 ; 2 Bishop Mar. Women, §§ 221, 222.

The statute only requires " the request of the owner ; " not a distinct contract, or even a request that amounts to a contract, for it distinguishes between the two ; though even if it did, it is now settled that in equity a married woman may, in the strictest sense, contract in respect to her separate estate so as to charge it with her debts and engagements. See Lord Cottenham, in *Owens* v. *Dickenson,* 1 Cr. & Ph. 54, and other cases *supra.*

And this is all that in any case can be done under this statute. It is strictly and exclusively a proceeding *in rem :* no personal judgment can be rendered upon the contract, as was held in *Briggs* v. *Titus,* though the report in 7 R. I. 441, does not show the adjudication that was made upon this point. And the case at bar supplies what was lacking in that case, and what, upon a comparison of statutes rather than upon the language of the present statute, was then held essential in the case of a married woman, viz. : that her contract or request should be in writing.

It is confidently submitted, therefore, that the prayer of this petition should be granted, and the lien enforced.

*Francis W. Miner & M. D. L. Mowry, contra.*

*February* 17, 1877. DURFEE, C. J. We have already given a decision in this case. The petitioners ask for a rehearing upon a single point : namely, upon the question whether, under Gen. Stat. R. I. cap. 166, a lien cannot be decreed against the separate or separable legal estate in fee of the defendant, Mrs. McCullough, — she having contracted for the improvement thereon by contract in writing, even though her husband was·not a party to the contract, and did not in any manner contract for or request the making of the improvement. The question is raised in a statutory proceeding to enforce a lien given by statute, and therefore we must look to the statute for the answer to it.

The statute which was in force previous to the revision of 1857 provided for a lien whenever the improvement was made " by contract with, or at the request of the owner thereof, such owner being at the time the owner of the land on which the same is." It was held under this provision that the estate of a married woman was subject to the lien for improvements thereon made in pursuance of the contract or request of her husband and herself though merely oral. *Bliss & Logan* v. *Patten & wife*, 5 R. I. 376. In the revision of 1857 the words, " or by the husband of such owner, with the consent of his wife in writing," were added, makng the provision the same as it is now. The provision, as thus amended, came before the court for construction in 1863, and the court held that no lien would attach to the estate of a married woman, though husband and wife both concurred in the contract or request, without her consent in writing. *Briggs* v. *Titus & wife*, 7 R. I. 441. In both these cases the contract had the concurrence of the husband, though in the later case the wife appears to have been the more personally active in making it. The question therefore did not arise whether, independently of her husband, the wife could bind her estate by contract either oral or written. We infer, however, that the court was of the opinion that the estate of a married woman, after the amendment of 1857, was no longer liable to lien under the first clause of the provision ; for in *Bliss & Logan* v. *Patten & wife*, 5 R. I. 376, under the provision as it was before the second clause was added, it had decided that the lien would attach though the contract of husband and wife was merely oral ; and yet in *Briggs* v. *Titus & wife*, 7 R. I. 441, under the provision as amended by simply adding the second clause, it decided that the lien would not attach without the wife's consent in writing. If the court had supposed that the first clause was still applicable to the case of a married woman, it could have had no reason for deciding the later case differently from the earlier, especially in view of the fact that the wife in the later case was personally the more active in making the contract. But if this is the correct view, — if the first clause does not apply when the owner is a married woman, — then her estate can be charged only under the second clause, which requires that the improvement shall be made by the husband with the consent of his wife in writing. It is not

enough, under the second clause, for the lien claimant to show the written contract of the wife alone ; or the contract or request of the husband alone ; he must show the concurrence of both of them, the consent of the wife being signified in writing. Is a construction, which so restricts the operation of the statute, the true construction ? It is, we think, the more consonant with the policy of our law in regard to the alienation of the real property of married women ; and, therefore, it is the more reasonable to suppose that it is the construction which the statute was intended to receive. Indeed, if the second clause is not to govern exclusively, when the owner is a married woman, it can have but very little, if any, practical effect. Our conclusion is, that it does so govern, and, consequently, that no lien attaches under the statute to the estate of a married woman for any improvement thereon, unless it has been contracted for in writing by her jointly with her husband, or has been made by contract with or at the request of the husband with her consent in writing.

The counsel for the petitioners has referred to cases decided in other states under statutes differently worded from ours, to show that the lien ought to be enforced. We do not think the cases cited are of much value as precedents upon the particular question now before us.                    *Motion for rehearing dismissed.*