SNOW, The LUCINDA. See Case No. 8,591.
SNOW (MAYO v.). See Case No. 9,356.

## Case No. 13,146.

### SNOW et al. v. MILES.

[3 Cliff. 608.] [1]

Circuit Court, D. Rhode Island. June Term, 1873.

ACTION—FORM—OBJECTIONS— WAIVER— INTERNAL REVENUE STAMP—PLEADING—PAYMENT—CONTRACTS—SALE.

1. Objections to the form of an action are usually considered as waived by the submission of a case to the decision of the court upon an agreed statement of facts, unless such objections are expressly reserved for the consideration of the tribunal to which the submission is made.

2. Where a contract was alleged to be shown by letters, it was held that all objection to their admissibility on the ground that they were not stamped—the act of congress then requiring contracts in writing to be stamped—was waived by the annexing of the letters, without reservation, to the agreed statement of facts under which the case was submitted.

3. Where the declaration contains the general counts in addition to a special count which may contain many causes of action, the payment of money into court, generally upon the whole declaration, is not an admission of the defendant's liability, upon the special count.

4. By such payment the defendant does not admit any specific contract; the only effect is, that he admits a liability on some one or more of the causes of contract set out in the declaration, not exceeding the amount paid into court.

[Cited in The Rossend Castle, 30 Fed. 464.]

5. An offer of a bargain from one person to another imposes no obligation upon the one unless it is accepted by the other according to its terms.

6. Departure from or qualification of those terms invalidates the offer.

7. Until the terms of the agreement have received the assent of both parties, the negotiation is open and imposes no obligation.

This was an action of assumpsit [by J. L. Snow and D. B. Lewis against Dawson Miles], and the case came before the court upon an agreed statement of facts. On the 25th of November, 1868, the parties entered into a written contract, as set forth in the declaration, in which the defendant promised to deliver to the plaintiffs, on or before the 15th of February of the next year, two hundred tons of logwood of a good merchantable quality on the wharf at Boston, at $19.50 gold per ton, and the agreed statement showed that he failed to deliver the logwood at the time specified in the contract. Importations failing, the defendant, on the 13th of May, 1869, wrote to the plaintiffs that he did not wish that any expenses

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

should be incurred in the matter; that he had two small vessels of one hundred and sixty tons each in the foreign market, which he had directed his agent to load with logwood without regard to price, and that he believed the vessels would get cargoes, and that the vessels should "be here," that is, would arrive in the port of Boston during the next month. Pursuant to these representations he requested the plaintiffs to await the arrival of those vessels, assuring them that thereupon he would deliver the logwood, as specified in the written contract. They replied upon the 15th of the same month, accepting the proposition, and requested the defendant to advise them of the arrival of the vessels, and stated to the effect that they, when so advised, would promptly inform him how to ship the logwood to them, evidently showing that they did not expect any further communication from him until the vessels should arrive. Delay followed, and on the 8th of July the plaintiffs wrote again to the defendant, referring to his last letter, and requested a reply by return mail in explanation of the delay to deliver the logwood. None appeared to have been sent until the 23d of September following, when the defendant wrote to the plaintiffs that he was prepared to deliver the logwood, and requested them to state on what wharf they would have it landed. Receiving no satisfactory reply to their letter of the 8th of July, the plaintiffs on the following day commenced the present action, claiming damages for the non-fulfilment of the contract.

Thurston, Ripley & Co., for plaintiffs.
Edmund Burke, for defendant.

CLIFFORD, Circuit Justice. Damages are claimed in the first count for the breach of the contract made on the 13th of May, 1869, for the delivery of two hundred tons of logwood in the month of June following; but the declaration contains a second count, in which the original contract is set forth according to its tenor and effect, and which contains the further allegation that the time for the delivery of the logwood was subsequently postponed, and the breach alleged is that the defendant did not deliver the same during the month of June, as stipulated between the parties in the form of the contract as modified; appended to the special counts are counts also for goods sold and delivered, and the common counts.

Argument to show that the defendant was guilty of a breach of his contract is unnecessary, as that is admitted. The only question of much importance submitted to the court in the agreed statement being, whether the damages of the plaintiffs shall be assessed as of the 15th of February next after the date of the original contract, or as of the 30th of June of the same year. It is admitted by the defendant that he is liable for a

breach of his contract, the only question being whether the damages shall be the difference between contract price and the market value of the logwood in February, 1869, or the June of the same year. Some doubts are expressed by the defendant whether the declaration is sufficient to warrant a judgment for the plaintiffs if the court adopts the first theory, which, as he contends, is the only theory the facts will sustain; but the court is of the opinion that those doubts are without any foundation, as the agreed statement in terms submits that question to the determination of the court.

Objections to the form of the action are usually considered as waived, by submitting the case to the decision of the court upon an agreed statement of facts, unless such objections are expressly reserved for the consideration of the tribunal to which the submission is made. Ellsworth v. Brewer, 11 Pick. 318; Kimball v. Preston, 2 Gray, 567; Scudder v. Worcester, 11 Cush. 574.

But it is not necessary to resort to that well-settled rule of practice in this case, because it is expressly stipulated between the parties that the question for the examination of the court is whether the damages shall be computed as of the date first mentioned, or of the second date, which is all that need be said upon the subject.

Suppose that is so, then the defendant admits that he is liable in damages for the difference between the contract price of the logwood and the market price of the article on the 15th of February, when he contracted to deliver it to the plaintiffs. Large damages, however, are claimed by the plaintiffs, as the market price of the article increased before the 30th of June in the same year, when, as they contend, the breach of contract actually took place.

Their theory is, that the time for the delivery was extended, by mutual consent of the parties, from the 15th of February to the 30th of June, as evidenced by the correspondence. Two answers are made by the defendant to that proposition: 1st. He contends that it amounts to a new contract, and that it cannot be supported as a new contract, as the letters composing the correspondence are without the requisite stamps. 2d. His second proposition is, that the theory is not supported by the true construction of the letters. 1st. Strong doubts are entertained whether letters of the kind are required to be stamped, as no one of them contains a contract; but the better answer to the objection in this case is, that the letters are not offered to prove a new contract, but only to show that the condition of the subsisting contract between the parties was waived; but if it were otherwise, the objection cannot prevail, as the act of congress does not make the contract void for want of a stamp. Contracts not stamped are not admissible in evidence; but the objection in this case comes too late, as the letters without any objection or reservation of any kind are annexed to and made a part of the statement of facts, and must therefore be considered as before the court by the consent of both parties, as evidence in the case.

Before discussing the second question, it may be important to inquire whether the act of defendant in paying money into court admits the claim of the plaintiffs, as set forth in his second special count. It appears that the defendant, at the return term, under the common rule, paid $400 into court, and the plaintiffs, four days before the agreed statement of facts was signed, took the same out of court.

Serious question would arise if the writ contained only the special count, alleging the breach in June, whether that payment into court, under the common rule, did not admit the breach as alleged, and entitle the plaintiffs to a judgment on that count.

Besides the special counts, however, the declaration contains a general count of indebitatus assumpsit, and the common counts in such a case. The better opinion, as tested by more recent authorities, is, that the payment of money into court is not an admission of all the counts in the declaration. Where there is a count on a special contract, together with the general indebitatus counts, the payment of money, generally upon the whole declaration, says Phillips, is an admission of the defendant's liability upon the special count, and there are other authorities to the same effect. 1 Phil. Ev. 4 (Am. Ed. by Edwards, 788); Jones v. Hoar, 5 Pick. 290; Huntington v. American Bank, 6 Pick. 347.

Undoubtedly the rule is so where a special cause of action only is set out in the declaration; but the rule is now well settled otherwise, where the declaration, as in the present case, contains the general counts in addition to a special count which may include many causes of action, as the defendant in such cases, by payment of money into court, does not admit any specific contract, the only effect being that he admits a liability on some one or more of the causes of action set out in the declaration, not exceeding the amount paid into court. Hubbard v. Knous, 7 Cush. 557.

Repeated decisions have established that rule both in England and in this country. Kingham v. Robins, 5 Mees. & W. 94; Archer v. English, 1 Man. & G. 873; Story v. Finnis, 6 Exch. 123. Evidently, therefore, the case must depend upon the legal effect of the letters given in evidence, as the agreed statement confers no authority upon the court to draw any other inferences than such as their language imports. Weighed in that light, I am of the opinion that those letters do not establish a mutual agreement between the parties to extend the time of delivery, as alleged in the plaintiffs' declaration.

Coming to the correspondence, the defendant, in his letter of May 13, states to the effect that he has two small vessels at Jamaica,

one hundred and sixty tons each, that should be here next month, and that he has ordered his brother to load them with logwood at any price, "therefore I want you to await their arrival, when the first shall be delivered to you"; adding, "Sooner or later you will get your two hundred tons of logwood." Such language cannot be construed into an absolute promise or statement that the vessels would arrive in June, nor that the two hundred tons of logwood would be delivered in June, but only that he confidently expected that the vessels would arrive in June, and that the plaintiffs, on their arrival, should have their contract filled, as originally promised. Grant all that, still the suggestion is, that the plaintiffs understood the matter differently, and reference is made to their letter as proving that suggestion, and it must be admitted that its tendency is that way, as they say in their reply, "Yours is received, advising you are to have two cargoes of logwood from Jamaica next month, and proposing to fill our contract from these vessels. We accept the proposition, and will thank you to advise the arrival of the vessels, when we will promptly give" the necessary directions.

It is an undeniable principle of the law of contracts that an offer of a bargain from one person to another imposes no obligation upon the former unless it is accepted by the latter according to the terms in which the offer was made; any qualification of or departure from those terms invalidates the offer, unless the same be agreed to by the person who made it; until the terms of the agreement have received the assent of both parties the negotiation is open, and imposes no obligation upon either. Elliason v. Henshaw, 4 Wheat. [17 U. S.] 228.

Beyond all doubt the reply of the plaintiffs to the offer made by the defendant is a wide departure from the proposition tendered by the latter, and it is quite probable that the modification of the proposition offered was made for the purpose of securing better terms than those proposed by the defendant in his letter; but the insuperable difficulty in the plaintiffs' case is, that the agreed statement does not show that the suggested modification of the offer was ever accepted by the defendant; and the rule is that until the terms of the agreement have received the assent of both parties, the negotiation is open. Taken as made, the offer was never accepted by the plaintiffs; and there is no evidence whatever to show that the defendant ever accepted the modification suggested by the plaintiffs, but both parties suffered the matter to drop without completing any new arrangement, so that the question must turn upon the construction of the first letter of the defendant; and in respect to that, it is clear that he did not make an absolute offer to deliver the logwood in June, as assumed in the declaration. All he did was to express a confident opinion that the vessels would arrive in June, and promised to the effect that the plaintiffs

should have their logwood from the first cargo; but they never accepted those terms, and the matter was suffered to drop without any new arrangement having been accepted. Tested by these views, it is clear that the plaintiffs are entitled to recover as damages the difference between the contract price of the logwood and the market value of the same on the 15th of February, at the time the defendant stipulated to deliver the same in the original contract.

Hearing if necessary as to judgment.