# DISTRICT OF COLUMBIA *v.* BARNES.

## APPEAL FROM THE COURT OF CLAIMS.

No. 143. Argued January 23, 1905.—Decided February 27, 1905.

Findings of fact made by the Court of Claims are conclusive here, and the jurisdiction of this court is limited to determination of questions of law.

The intent of the District of Columbia Act of June 16, 1880, 21 Stat. 284, was to enable parties to submit the justice of their claims against the United States for work done in the District prior to March 14, 1876, to adjudication in a competent court, and for that purpose the jurisdiction conferred was equitable as well as legal; under the equitable jurisdiction so conferred the Court of Claims has power to reform a written contract between the District of Columbia and a claimant to supply therein what was omitted by mutual mistake of the parties, and to award money relief to the claimant on the contract as so reformed.

It was also the intention of the act of June 16, 1880, to permit the Court of Claims to adjudicate claims for all work done by order and direction of the Commissioners and accepted by them for the use and benefit of the District of Columbia; for this purpose the statute is remedial, and a claimant, if the facts support his claim, can recover for work so done and

accepted notwithstanding it was under verbal directions of the Commissioners and not under written contract as required by prior acts of Congress.

The main purpose of the Court of Claims is to arrive at and adjudicate the justice of alleged claims against the United States, and the court is not bound by special rules of pleading.

THE action now appealed was brought under the act of June 16, 1880, known as the District of Columbia Claims Act. 21 Stat. 284. The original petition was filed August 4, 1880. At subsequent stages of the case amended petitions were filed. On October 1, 1887, the Court of Claims decided the case in favor of the District of Columbia, giving judgment against the claimant for the sum of $11,074.11. 22 C. Cl. 366. On November 18, 1887, the claimant filed a motion for a new trial, which was submitted on March 28, 1895, and allowed on April 1, 1895. The case was then referred, as provided in the act, and upon report and hearing judgment was rendered on November 11, 1895, against the District for the claimant in the sum of $31,754.57; being rendered for Barnes in the sum of $22,350.54, and for Ritchie, assignee, in the sum of $9,404.03, both sums due and payable as of January 1, 1876. On April 20, 1896, the defendant filed its motion for a new trial, which was granted on May 18, 1896. On March 31, 1902, the court rendered a judgment in favor of the claimant, and his assignee, in the sum of $23,694.47, due and payable as of March 1, 1876. 37 C. Cl. 342. On April 22, 1902, an appeal was taken by the District from the judgment of March 31, 1902, to this court. This appeal was dismissed for want of jurisdiction. *Barnes v. District of Columbia,* 187 U. S. 638.

Under the act of March 3, 1903, 32 Stat. 1031, 1070, this appeal from the judgment of March 31, 1902, was taken by the District, bringing the case in review before this court.

*Mr. Robert A. Howard,* Special Assistant United States Attorney, with whom *Mr. Assistant Attorney General Pradt* was on the brief, for appellant.

No general equity jurisdiction was conferred on the Court

of Claims by the original organic acts. *Klein's Case*, 13 Wall. 128; *De Groot* v. *United States*, 5 Wall. 419, 431; act of 1855, 10 Stat. 612; 1863, 12 Stat. 765; *United States* v. *Alire*, 6 Wall. 573; *Case* v. *Terrell*, 11 Wall. 199; *Bonner* v. *United States*, 9 Wall. 156.

No equity jurisdiction was conferred by the act of 1887, 24 Stat. 505; *Briggs* v. *Boat*, 11 Allen, 157; *United States* v. *Carrie Jones*, 131 U. S. 1, 19. Nor was any general equity jurisdiction conferred by the act of 1880, extending jurisdiction to claims against the District of Columbia. 21 Stat. 284.

For construction of similar grants of jurisdiction see *United States* v. *Arredondo*, 6 Pet. 691, 709; *United States* v. *Lynde's Heirs*, 11 Wall. 632; *Gaines* v. *Miller*, 111 U. S. 395; *Wallis* v. *Shelly*, 30 Fed. Rep. 747. A claim against the District is to the extent of one half thereof, a claim against the United States. 18 Stat. 120, 332; 19 Stat. 211; 20 Stat. 102; *Dist. of Col.* v. *Johnson*, 165 U. S. 330.

If any equity jurisdiction was conferred upon. the court under the statute of 1880, that jurisdiction can be exercised only in the manner prescribed for ascertaining equitable rights and administering equitable remedies in the courts of the United States. *Fenn* v. *Holme*, 21 How. 481; *Krippendorf* v. *Hyde*, 110 U. S. 276, 284; *Van Norden* v. *Morton*, 99 U. S. 378; *Thompson* v. *Railroad Co.*, 6 Wall. 134.

The reformation of written contracts is peculiarly a ground for equitable jurisdiction. That this power exists is too well settled to be disputed; but it is a power in courts of equity alone. Story, Eq. Jur. § 164*d; Walden* v. *Skinner*, 101 U. S. 577, 583; *Life Ins. Co.* v. *Mowry*, 96 U. S. 544.

There was no authority in the Board of Public Works or the Commissioners of the District, by memoranda on their journals or by verbal agreements, to change the contracts made under existing law. See act of 1871, 16 Stat. 427; *Barnard* v. *District of Columbia*, 20 C. Cl. 257; *S. C.*, 127 U. S. 409; *S. C.*; 22 C. Cl. 384, and cases cited.

The new contracts under which additional work is claimed

would be *ultra vires.* *Clark* v. *United States,* 95 U. S. 539; *The Harrisburg,* 119 U. S. 199, 214; *Union Pac. Ry. Co.* v. *Wyler,* 158 U. S. 285.

*Mr. John C. Fay* for appellee:

The facts found are conclusive. *United States* v. *Smith,* 94 U. S. 218. The court is not bound by any special rules of pleading. *United States* v. *Burns,* 12 Wall. 246; *Clark* v. *United States,* 95 U. S. 539; *United States* v. *Benham,* 110 U. S. 338.

The purpose of that court is not to hold claimants down to any special and technical rules of pleading, but if upon the whole case there appears to be a just and equitable demand, the court will allow it, although it had not been technically and critically stated in the petition. *Burk* v. *United States,* 13 C. Cl. 231; *Mfg. Co.* v. *United States,* 16 C. Cl. 296; *Brown* v. *District of Columbia,* 17 C. Cl. 303.

As to equitable jurisdiction of the Court of Claims in this case see *O'Hare* v. *District of Columbia,* 18 C. Cl. 646; *Cullinane* v. *District of Columbia,* 18 C. Cl. 577; *Shipman* v. *District of Columbia,* 18 C. Cl. 291; *S. C.,* aff'd 119 U. S. 148; *Harvey* v. *United States,* 105 U. S. 671; *United States* v. *Jones,* 131 U. S. 18; *South Boston Inv. Co.* v. *United States,* 34 C. Cl. 175; *Milliken* v. *United States,* C. Cl. present term.

MR. JUSTICE DAY, after making the foregoing statement, delivered the opinion of the court.

We deem it unnecessary, in the view taken of this case, to set forth the voluminous findings of fact made upon the trial in the Court of Claims. So much of the findings will be commented on as is necessary to a determination of the legal questions involved, which are within a narrow compass. Nor do we find it necessary to consider the alleged discrepancies between the judgment of the Court of Claims, when the judgment was in favor of the District, 22 C. Cl. 366, and the find-

ings and conclusions when the judgment was rendered which is now appealed to this court. 37 C. Cl. 342.

This court does not sit to review findings of fact made in the Court of Claims. They are regarded as conclusive here, and our jurisdiction is limited to a determination of such questions of law as are properly brought to our attention upon the record. *United States* v. *Smith*, 94 U. S. 214, 218.

The original action was brought in part on two contracts, which were in writing, duly executed by the claimant and in behalf of the District of Columbia, and known as Nos. 264 and 413, and were for certain street improvements in the city of Washington. These contracts were entered into on April 29 and July 23, 1872, respectively, under authority of the act of February 21, 1871. 16 Stat. 419, 427. Certain verbal agreements are also set up as having been entered into between the claimant and the Commissioners of the District.

The Court of Claims, under the proofs, heard the parties upon the question as to the right to reform the two written contracts. It refused to reform contract No. 413, and decreed in favor of the District in the sum of $13,039.79 for over payments made upon that contract. The court did reform contract No. 264, finding that, by mistake in the drafting of the contract, "the rate of 40 cents for grading old gravel streets to a depth of two feet" was omitted therefrom by mutual mistake of the parties, and that the written contract was executed without observing the omission. Upon the contract as reformed the claimant was permitted to recover for work done. Much of the discussion in the oral argument and the brief of the learned counsel for the Government is directed to the authority of the Court of Claims to reform a written contract in the exercise of the jurisdiction of a court of equity for that purpose, and much discussion was had as to the various acts conferring jurisdiction upon that court. But we think a construction of the act under cover of which this suit was prosecuted is all that is necessary to determine the question. The act of June 16, 1880, as appears by its title, was intended

to confer on the Court of Claims jurisdiction to hear and determine all outstanding claims against the District of Columbia. For that purpose it was recited in the first section of the act that the jurisdiction of the court should extend to and it should have original legal and equitable jurisdiction of claims arising out of the contracts made by the Board of Public Works and extensions made thereof by the Commissioners of the District of Columbia, and also of the claims arising out of the contracts made by the Commissioners since the act of June 20, 1874, and broadly for all claims for work done by order or direction of the Commissioners, and accepted by them for the use, purposes or benefit of the District of Columbia, and prior to the fourteenth day of March, 1876.

The language used is of the most comprehensive character, and confers, for the purposes stated, original legal and equitable jurisdiction.

It is true that the purpose of the various acts conferring jurisdiction upon the Court of Claims has been held to be to permit the adjudication of money demands against the United States, and it may be that under this act, as under others, there was no intention to confer equity jurisdiction beyond that which is required to enable a court to determine whether money relief should be granted. The intent of the act was to enable parties to submit the justice of their claims against the United States to adjudication in a competent court. For that purpose the act conferred in terms, equitable as well as legal jurisdiction.

The province of the Court of Claims is to pass upon the justice of the claim and adjudge accordingly. And it is obviously intended that, when necessary to adjudicate claims against the District, the court shall be unhampered in the exercise of jurisdiction, and as in many courts of this country having a civil code, there has been conferred upon the same tribunal the power to grant the necessary legal and equitable relief. One who has the right to money relief upon a contract mistakenly omitted to be reduced to writing, in accordance

with the true agreement of the parties, has a claim of equitable cognizance, for the contract must be reformed to meet the intention of the parties, and when corrected may be adjudged a valid claim.

For the purpose of adjudicating such claims this statute gives to the court equitable jurisdiction in order that it may determine what the District ought to pay to the claimant. Although unable to grant a decree for specific performance or exercise the peculiar powers of a court of equity, the Court of Claims may determine the money relief to which the claimant is entitled, whether arising out of an equitable or legal demand. This principle was recognized in *United States* v. *Jones*, 131 U. S. 1, 18. The Court of Claims in other cases has exercised the equitable jurisdiction conferred in the act of June 16, 1880, *Cullinane* v. *District of Columbia*, 18 C. Cl. 577, 594, and like jurisdiction to reform contracts under the act of March 3, 1887, 24 Stat. 505, *South Boston Iron Works* v. *United States*, 34 C. Cl. 174.

We think that the court had jurisdiction to reform the contract upon the facts found.

It is objected that the Court of Claims awarded relief for certain "stiff clay" excavated under claimant's contract. The findings show that this work was not specifically covered by the original agreement, and that the work was accepted by the Commissioners, and the District received the benefit thereof; and the court finds that the excavation of the stiff clay was done under a verbal agreement with the Commissioners after the performance of the original contract, and that the claimant was entitled to the rate established therefor, as paid to other contractors for like work.

The act of June 16, 1880, permits a recovery for work done by order and direction of the Commissioners and accepted by them for the benefit of the District. While it has been held that this would not authorize a recovery for work done under the original contract, at higher prices than had been agreed upon, yet where there was a revival of the contract for distinct

work there might be a recovery at higher rates, which entered into the terms of renewal as understood by the parties, notwithstanding the preëxisting contract. *Campbell and Eslin v. District of Columbia*, 18 C. Cl. 193.

The act of 1874 gave limited power to the Commissioners, and in the act of February 21, 1871, 16 Stat. 419, providing for contracts of the Board of Public Works, it was distinctly provided that all contracts should be in writing and signed by the parties making the same. And it was held that this statute requires contracts to be actually signed and that mere entries on the journals of the board would not satisfy the statute. *Barnard* v. *District of Columbia*, 127 U. S. 409, 411.

But under the statute, June 16, 1880, now under consideration, the intention is manifest to permit the Court of Claims to adjudicate claims for all work done by the order and direction of the Commissioners, and accepted by them for the use, purpose and benefit of the District. For this purpose this is a remedial statute, and it is intended to permit parties to have an adjudication upon their demands where the District had been benefited by work actually done under the order and direction of the Commissioners and duly accepted. And the findings of fact show that the claimant was only permitted to recover for work so performed and accepted. As we have said, this right of recovery might not revive claims for work completed under former contracts, but here the finding is that the new agreement applied to a distinct subject matter and not to work covered by and performed under the original agreement. We find no error in the judgment of the Court of Claims in this regard. And so as to various sums awarded under findings of fact, establishing that more work was made necessary by reason of the change of grade on North Carolina avenue by the Commissioners in 1874, the change of grade making it necessary to further grade Third street, and to do work for that purpose. The findings show that this was done by the direction of the Commissioners and upon terms mutually agreed upon. Under Finding XIV, where the work is found not to

**154**    OCTOBER TERM, 1904.

Syllabus.    197 U. S.

have been done under the original contract, it is found that it was admitted by the defendant to be correct, and is work of which the District has received the full benefit. So as to other findings to which exceptions are made, there is no dispute that the work was actually done to the satisfaction of the Commissioners upon terms agreed upon and the work duly accepted.

As we construe the statute, we think it affords ample authority to grant relief upon the facts found, which findings are conclusive upon us.

It is further urged by counsel for the Government that the pleadings are not sufficient to authorize the judgment, but we think that under the original petition and various amendments thereto the court was authorized to grant the relief adjudged.

The Court of Claims is not bound by special rules of pleading. The main purpose is to arrive at and adjudicate the justice of alleged claims against the United States. *United States* v. *Burns*, 12 Wall. 246, 254; *United States* v. *Behan*, 110 U. S. 338, 347.

On the whole record we find no error of law to the prejudice of the District.

*Judgment affirmed.*