### CONNERS et al. v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. July 6, 1905.)

No. 547.

CONTRACTS—CHANGE IN SPECIFICATIONS OF BUILDING CONTRACT—MODE OF FIXING COMPENSATION.

  A contract for the construction of a foundry at a navy yard contained a provision that, if during the progress of the work it should be deemed necessary or desirable" by the United States to make any changes or modifications in the plans or specifications 'affecting the cost of the work in a sum exceeding $300, the increased or diminished compensation to be paid for the work should be assessed by a board of naval officers appointed for the purpose, and should be based upon the actual cost. During the progress of the work, it was found that the wood called for by the contract, and required to be fireproofed, would not be improved by such treatment, and it was decided to omit such fireproofing, and a board was appointed, who assessed the decreased cost by reason of such omission. *Held,* that the change was within such provision of the contract, and that the assessment made thereunder was conclusive on the parties, and excluded the jurisdiction of the courts over a controversy between them as to the amount to be deducted from the contract price.

In Error to the District Court of the United States for the District of Massachusetts.

For opinion below, see 130 Fed. 609.

Hiram P. Harriman, for plaintiffs in error.

William H. Garland and Guy A. Ham, Asst. U. S. Attys.

Before COLT and LOWELL, Circuit Judges, and ALDRICH, District Judge.

LOWELL, Circuit Judge. This was a petition filed under the provisions of the Tucker Act of March 3, 1887, c. 359, 24 Stat. 505 [U. S. Comp. St. 1901, p. 752]. The allegation that the United States made a contract with the petitioners was in substance as follows: The said Conners thereupon in writing offered and bid to do the work for the sum of $39,920, and if the railroad was omitted, to deduct the sum of $700, and if the fireproofing of the lumber was omitted, to deduct the sum of $900; all said options being parts of the one and only bid of your petitioners, and the said United States accepted said offer and bid, and omitted said railroad and fireproofing. The United States pleaded the general issue, and the case was heard in the Circuit Court upon agreed facts.

The bill of exceptions, indeed, sets out that there was "other evidence introduced before the court," but from the last paragraph of the "agreed facts" and from the arguments of counsel we assume that this other evidence referred to a matter not now before us. The learned judge made certain findings of fact and rulings of law, and ordered judgment for the United States on the ground of a variance between pleadings and proofs. Having seasonably excepted to the rulings, the petitioners assigned error: (1) That the Circuit Court erred in ordering judgment for the United States. (4) That the court should have ruled that the acts of the United States were an acceptance of the proposal of the petitioners to complete the building, omitting railroad and fireproofing, for $38,220. (5) That the court should have ruled that the acts of the United States were an acceptance of the proposal of the petitioners to deduct only $900 if fireproofing was omitted.

The learned judge found as a fact that the contract alleged in the petition was never made. His finding has the effect of the verdict of a jury, and can be disregarded only if there was no competent evidence to support it. U. S. v. Clark, 96 U. S. 37, 24 L. Ed. 696. Here the finding was abundantly sustained by the evidence set out in the agreed statement of facts. The United States advertised for proposals to be made according to certain items, one of which was for foundry, railroad, and fireproofing, a second for foundry and fireproofing without railroad, and still a third for foundry without railroad or fireproofing. The petitioners made bids like those set out in their petition, and the United States accepted the bid for the building without railroad, but with fireproofing. A written contract, in which all previous offers, bids, and negotiations were embodied and merged, was thereafter executed. That the fireproofing was subsequently omitted, under a clause of the written contract providing for changes, or by reason of an agreement outside the contract, affords no evidence of the acceptance by the United States of the petitioner's original third bid. It follows that there was a variance between the petition and the proof.

The petitioners, however, now contend that, as the case was heard upon an agreed statement of facts, the pleadings may be disregarded, and an award made to the petitioners, if, upon the facts stated, they are entitled to recover in any proceeding within the jurisdiction of the Circuit Court. This contention was not made in the court below, and has been argued to this court only upon supplemental briefs.

In a submission upon an agreed statement of facts, the parties may insert in the submission or agreement that judgment shall be entered without regard to the pleadings, as the plaintiff or defendant is entitled to prevail in any form of pleadings. See Second Religious Society v. Harriman, 125 Mass. 321. And the same result may be reached by statute. See Day v. Day, 100 Ind. 460. In the absence of statute and of express agreement, a general submission upon agreed facts, without more, has been held to require a judgment for the party who would prevail upon the merits, had the plaintiff's and defendant's rights, as shown by the agreed facts, been presented to the court by appropriate pleadings. West Roxbury v. Minot, 114 Mass. 546; Cushing v. Kenfield, 5 Allen, 307; Merrill v. Bullock, 105 Mass. 486; Folger v. Columbian Ins.

Co., 99 Mass. 267, 277, 96 Am. Dec. 747; Rogers v. Daniell, 8 Allen, 343, 349; Cleaveland v. Five Cents Savings Bank, 129 Mass. 27, 32; Ellsworth v. Brewer, 11 Pick. 316; McCue v. Whitwell, 156 Mass. 205, 30 N. E. 1134; Snow v. Miles, 3 Cliff. 608, 610, Fed. Cas. No. 13,146. In these cases the facts were agreed and stated in various forms, but the court treated the precise form of submission or agreement as immaterial, and, under a general submission upon agreed facts without special stipulation, gave judgment upon the merits of the case as shown by the agreed facts, quite irrespective of the pleadings. The practice is not according to the ordinary course of the common law, which requires the court to determine issues raised by pleadings, but it is established in Massachusetts, and nothing in the laws of the United States or in the rules of the federal courts is shown to contravene its application in this district to the trial of actions at law.

The case at bar is not an action at law. The proceedings are had under the Tucker act, above mentioned. Section 5 of that act provides that the "petition shall set forth the full name and residence of the plaintiff, the nature of his claim, and a succinct statement of the facts upon which the claim is based, the money or other thing claimed or the damages sought to be recovered, and praying the court for a judgment or decree upon the facts and law." The material parts of this section are similar to those ordinary provisions of practice acts or rules of court which regulate the plaintiff's pleadings in law or equity. Mass. Rev. Laws, c. 173, § 6; Mass. Sup. Ct. Eq. Rules, 20–23. We see no reason to suppose that Congress intended to attach to the requirement of a petition filed under the Tucker act substantially greater importance than belongs to the pleadings in other legal proceedings. It is to be noticed that the Tucker act contains many expressions, assimilating proceedings thereunder to proceedings at law, in equity, and in admiralty, respectively. See sections 4, 7, 9, and elsewhere passim. Moreover, counsel for the petitioners, on the one hand, contend that they are entitled to recover upon the merits of the case, and without regard to the variance, while counsel for the United States, on the other hand, contend that, irrespective of the pleadings, and upon the agreed facts, the petitioners are not entitled to recover anything. Under these circumstances, we think that we are justified by the evident wish of both parties to reach a decision of this case upon the merits, to treat it in this respect as if it were an ordinary trial at common law in the courts of Massachusetts. See District of Columbia v. Barnes, 197 U. S. 146, 154, 25 Sup. Ct. 401, 49 L. Ed. 699. We do not decide that this disposition of the case would be permissible against the objection of the United States.

The variance between pleadings and proofs having been thus disposed of, we come to the merits of the case as disclosed by the agreed facts. The written contract upon which these proceedings are based is not found in the record—a serious omission—as a court should ordinarily have before it the whole instrument which it is called upon to construe. The contract contained the following paragraphs:

"Third. The party of the first part further agrees that if during the progress of the work it shall be deemed, by the party of the second part, necessary or desirable to make any changes or modifications in the said

plans and specifications affecting the cost of the work to be done hereunder, said changes or modifications, and the amount of the increased or diminished compensation to be paid the party of the first part in consequence thereof, shall be stipulated and agreed to in writing by the parties to the contract before the work contemplated by such changes or modifications is begun; and such increased or diminished compensation shall, when exceeding $300, be assessed by a board of naval officers appointed for the purpose, and shall be based upon the actual cost."

"14. Changes. Should it be to the interests of the government to make any changes in the plans or specifications exceeding $300 in value, the increased or decreased compensation to which the contractor may be entitled is to be determined by a board of three naval officers, and the contractor shall be bound by its decision, if the decision of the board is approved by the Chief of Bureau of Yards and Docks, and no further payments shall be made until its decision, so approved, shall be accepted by the contractor in writing. Changes in plans or specifications not exceeding $300 in value may be made by mutual agreement, in writing, between the contractor and the Chief of Bureau of Yards and Docks."

Two companies engaged in the business of fireproofing wood reported to the petitioners that the wood called for by the contract was not fit for fireproofing, and that its value for the contract purposes would not be increased by that treatment. The Chief of Bureau of Yards and Docks thereupon decided not to require fireproofing, and a board of three naval officers was appointed by the commandant of the Portsmouth Navy Yard to consider the changes in the contract for the construction of the foundry, and to report upon the decreased cost by reason of omitting the fireproofing. The board reported, recommending that the fireproofing be omitted, and computing the decreased compensation on that account at $3,605. This decision was approved by the Chief of Bureau of Yards and Docks. The United States requested the petitioners to sign a supplemental agreement for this deduction, but the petitioners refused to agree to any deduction except $900. The United States thereupon ordered the petitioners to complete the building under the contract, and this the petitioners did, without fireproofing, and they were paid the contract price, less $3,605.

The learned judge found as a fact that the omission of fireproofing was not within the fourteenth paragraph, but was a necessity arising from mutual mistake; that therefore the ascertainment of decreased compensation by the board of naval officers was ineffectual, and not appropriate to the existing conditions, and that the amount by which the compensation stipulated should be decreased was ascertainable by the rules of common law, independently of any special provision of the contract. Section 7 of the Tucker act requires the trial judge to file written findings of the facts in the case. These findings of fact have the weight of the verdict of a jury, and cannot ordinarily be revised by the appellate court. But the Supreme Court has decided that, where the record contains all the testimony upon which the judge's findings of fact are based, the appellate court may examine if there is competent evidence to support the findings, and, if there be no evidence, may disregard the findings, and reverse the judgment. United States v. Clark, 96 U. S. 37, 24 L. Ed. 696. See Collier v. United States, 173 U. S. 79, 81, 19 Sup. Ct. 330, 43 L. Ed. 621. Here the appellate court has before it, unchanged in form, all the evidence presented to the trial judge. We

think, therefore, that we may determine whether the agreed facts contained evidence sufficient to support his findings. While the third and fourteenth paragraphs, above quoted, differ somewhat in language, they seem to us to be in substantial agreement, each slightly supplementing the other, and applicable to substantially the same facts. We think that the change in question was made because deemed by the United States in its interest to be necessary and desirable, and we are unable to see that the assessment of diminished compensation was not made in accordance with the written contract.

We agree with the learned judge that an agreement like that above quoted is not ineffectual as depriving the court of jurisdiction over a controversy, and we are therefore of opinion that the contention of the United States is sustained, and that the petitioners are, upon the merits of the controversy, entitled to recover nothing.

The judgment of the Circuit Court is affirmed.