MICHAEL HAYES *vs.* FERDINAND S. FESSENDEN & others.

A contract between A. and B., for B. to buy and A. to sell and convey to him land owned by A., does not subject the estate to a mechanics' lien under the Gen. Sts. c. 150, in favor of a person who by B.'s employment performs labor in erecting a building which B. proceeds to put on the land, although B. afterwards takes a conveyance of the land from A. in pursuance of the contract, and A. had notice of B.'s intention to build and knew of the progress of the building and never made objection.

PETITION to enforce a mechanics' lien under the Gen. Sts. c. 150, filed originally against Ferdinand S. Fessenden alone, with whom Frederick Clapp and Lemuel Clapp were afterwards joined as respondents.

On June 12, 1867, the two Clapps, who were then owners of a lot of land in South Boston, entered into a written agreement with

Fessenden for the sale by them and purchase by him of the land at a certain price per square foot, which expressed that on the same day he had paid to them $1000 in part payment of the purchase money, and in which they agreed to execute and deliver to him a warranty deed of the fee of the land within ten days after he or his assigns should make demand therefor and tender the balance of the purchase money. At about the same time Fessenden stated to them that he intended to build upon the land; and on or about October 27, 1867, he employed Pierce S. Quirk to erect a building on it; and Quirk undertook to do so, and hired the petitioner, who was a carpenter, to do labor thereon. The labor for which the petitioner claimed a lien on the land and the building thus erected there was done under this hiring. He went to work on October 31, 1867, and labored continuously until January 18, 1868, when there was due to him for his labor the sum of $65.25 more than he had been able to collect from Quirk. On January 25, 1868, he filed his certificate of lien, under the statute, with the city clerk of Boston, having since January 18 made demand on Quirk and Fessenden for payment of the sum and been refused. In March 1868, the Clapps went into and over the building, which was then so nearly completed that the masons were plastering it; and they did not then, or at any other time, make any objection to its erection, nor did they ever give anybody any directions concerning it. On May 20, 1868, they executed and delivered to Fessenden a warranty deed of the land, in pursuance of the agreement of June 12, 1867.

The parties stated the foregoing case for the determination of the superior court, which ordered judgment thereon for the respondents, and the petitioner appealed.

*G. W. Park,* (*B. D. Washburn* with him,) for the petitioner. If a landowner sees another person, to whom he has agreed to sell the land, erecting a building on it, and makes no objection, then the building is erected " by consent of the owner," within the Gen. Sts. *c.* 150, § 1, which provides that " any person to whom a debt is due for labor performed or furnished, or for materials furnished and actually used in the erection, alteration or repair of any building or structure upon real estate, by virtue of an agree

ment with, or by consent of, the owner of such building or structure, or any person having authority from, or rightfully acting for, such owner in procuring or furnishing such labor or materials, shall have a lien upon such building or structure, and upon the interest of the owner thereof in the lot of land upon which the same is situated, to secure the payment of the debt," if he duly files his certificate, &c. Silence gives consent, whenever the party has an opportunity to object and does not use it. In this respect the case at bar differs from *Peabody* v. *Eastern Methodist Society*, 5 Allen, 540. And consent to the erection of the building is consent to the performance of the labor necessary to its erection. It is a fair inference from the agreed facts, that Fessenden was erecting the building in such manner and with such mechanics as he chose, with the consent of the Clapps.

*T. F. Currier*, for the respondents.

WELLS, J. These proceedings, to procure the sale of land for payment of money due the petitioner for labor upon the buildings thereon, require for their maintenance that there should have been a previous valid lien therefor. Such a lien is an interest in the estate, and attaches to the legal title. It can be established only in the manner authorized by the statute; which requires an agreement or consent, express or implied, on the part of the owner whose interest in the land is sought to be charged with the lien. *Francis* v. *Sayles*, 101 Mass. 435.

In this case, the respondents Frederick and Lemuel Clapp were the owners of the land at the time the work was performed. They made no agreement and gave no consent that would charge their interest in the land with any liability for erections made upon it. Their contract for a sale of the land to Fessenden, notice that he intended to build upon it, and knowledge of the progress of the work, charged them with no responsibility for it to any one. *Wells* v. *Banister*, 4 Mass. 514. *Tripp* v. *Hathaway*, 15 Pick. 47. *Stone* v. *Crocker*, 19 Pick. 292.

The agreement of Quirk, who hired the petitioner, with Fessenden, would have been sufficient to create a lien, if Fessenden had been the owner of any estate in the land. *Mulrey* v. *Barrow*, 11 Allen, 152. But he was not. He could not charge the

building with a lien, because he was not the owner of it. *Poor* v. *Oakman*, 104 Mass. 309. If he had had an interest in the building as personal property, the lien would not have attached; because his interest in the land, being that of a tenant at will only, could not be sold so as to make the lien effectual. *Belding* v. *Cushing*, 1 Gray, 576. The " estate, less than a fee simple, in the land," intended by the Gen. Sts. *c.* 150, § 33, must be such an interest as can be conveyed to and held by the purchaser, upon a sale by the sheriff. §§ 21–24. The statutes do not contemplate any severance of the building, or a sale of it, or of any interest in it, separate from an interest of the owner in the land itself.

Fessenden's contract, for the purchase and future conveyance to him of the land, is not such an interest as enabled him to charge the land with a lien; *Metcalf* v. *Hunnewell*, 1 Gray, 297; *Peabody* v. *Eastern Methodist Society*, 5 Allen, 540; although subsequently, after the work was completed, he became, in pursuance thereof, the owner of the fee. *Howard* v. *Veazie*, 3 Gray, 233. To create a valid lien requires that the person, whose agreement or consent is necessary for that purpose, should have the capacity to confer that right, at the time of such agreement or consent. *Donahy* v. *Clapp*, 12 Cush. 440. *Metcalf* v. *Hunnewell*, 1 Gray, 297. The subsequent conveyance was not the enlargement of an estate or interest to which the lien had already attached. It was a new title; and there is no estoppel by which that newly acquired title will enure to the support of the interest which the petitioner claims and can derive only by force of the statute. *Howard* v. *Veazie*, 3 Gray, 233. *Kirby* v. *Tead*, 13 Met. 149. In this connection it is significant that the St. of 1851, *c.* 343, provided for a lien in favor of any person who should actually perform labor upon a building, by virtue of any contract with one who had contracted with the owner " for the purchase of the land for the purpose of (erecting and) building thereon." This statute was expressly repealed at the time of the adoption of the General Statutes; and the terms of the General Statutes upon this subject, as well as those of the previous St. of 1855, *c.* 431, cannot, by any fair interpretation, be extended to a case where the owner has given no authority to procure labor or furnish ma-

terials in his behalf, except such as would result from a contract to sell the land to one who purchases with the expectation and purpose to build upon the land before taking his deed.

It follows, that the lien in this case cannot be sustained; and the judgment for the respondents in the court below is therefore

*Affirmed.*