FREDERICK P. CONANT *vs.* JEFFREY R. BRACKETT.

An agreement to make repairs and alterations, made with a lessee, who has covenanted in
the lease to make all necessary repairs and improvements at his own expense, does not
subject the estate of the lessor to a mechanic's lien under Gen. Sts. *c.* 150.

PETITION to enforce a mechanic's lien under Gen. Sts. *c.* 150, for work done on the defendant's building in Boston, in the fall of 1869.

At the trial in the Superior Court, before *Devens*, J., without a jury, the following facts were found by the court: that in the latter part of July, 1869, the petitioner agreed to work and furnish materials for one Badger, in repairing and making alterations in certain stories of a building of which Badger expected to take a lease, and of which the respondent was the general owner; that it was known to the petitioner that Badger expected to take a lease of the premises, and that the repairs and alterations were to fit them for his use. That at the time of making the agreement, the petitioner understood that Badger was not in possession, and would not be until the lease of other tenants had expired, and that repairs would not be commenced until those tenants were out; that on the 2d of August, 1869, a lease of the premises was executed and delivered to Badger by the respondent, the lease of the other tenants having expired; that this lease, which was for the term of five years from August 1, 1869, contained a covenant on the part of the lessee that he would " make all necessary repairs and alteration at his own expense;" that on the 12th of August the petitioner commenced work in pursuance of his agreement; that before the execution and delivery of said lease, the respondent had consented, as he had in the lease, to Badger's making alterations and repairs of a character like those which were made, and that the labor was performed with the respondent's knowledge and consent; but that the respondent had no knowledge of any particular contract with the petitioner until after the 12th of August, after which time he occasionally saw the petitioner at work. There was no evidence of any contract for a specific price; but the agreement between Badger and the

petitioner was, that for the labor and for the materials which the petitioner agreed to furnish, he should be paid a reasonable price, according to the market rates.

No notice was given by the petitioner to the respondent of his intention to claim a lien on the estate.

Upon these facts the court entered a verdict for the respondent, and at the request of the petitioner and by consent of the parties, reported the case for the determination of this court.

*G. H. Kingsbury,* for the petitioner.

*E. Merwin,* for the respondent.

BY THE COURT. There was no agreement with or consent of the owner of the building or any person having authority from or acting for him. The lease authorized the lessee only to make repairs at his own expense. The petitioner, therefore, has no lien. *Francis* v. *Sayles,* 101 Mass. 435. *Hayes* v. *Fessenden,* 106 Mass. 228. *Hilton* v. *Merrill,* 106 Mass. 528.

*Judgment for the respondent.*