THOMAS W. MᶜCUE *vs.* FREDERICK A. WHITWELL & others.

Suffolk.    January 12, 1892. — May 6, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Mechanic's Lien — Contract Price — Action at Law — Pleading.*

A. and B. agreed in writing that B. was to receive a deed of land from A. on paying the balance of the purchase price, of which B. had already paid a part, and

---

PETITION, under the Pub. Sts. c. 191, to enforce a mechanic's lien for labor performed and furnished in the excavation of a cellar, on land of the respondent Whitwell, under an agreement made between the petitioner and the respondent Pope.

The case was heard on agreed facts, which, so far as material, appear in the opinion. The Superior Court dismissed the petition, and the petitioner appealed.

*F. L. Cressy*, for the petitioner.

*W. H. Drury*, for the respondents.

KNOWLTON, J. The respondents contend that the relation of Pope to the owners of the land on which a lien is claimed was not such as would enable him to make a contract which could be the foundation of a lien. He had entered into an agreement in writing, whereby he was to have the property and receive a deed of it on paying the balance of the purchase price, of which he had already paid a part. It was expressly stipulated that he should expend in building on the premises $10,000 within three months, and $10,000 more within four months of the date of the contract. This stipulation constituted consent on the part of the owners to his building on the land, and procuring labor and materials for that purpose. The case comes within the provisions of the Pub. Sts. c. 191, § 1, and is covered by the decisions in *Hilton* v. *Merrill*, 106 Mass. 528, *Smith*

v. *Norris*, 120 Mass. 58, and *Worthen* v. *Cleaveland*, 129 Mass.
570.   The case of *Hayes* v. *Fessenden*, 106 Mass. 228, differs in
the fact that the contract for the sale of the land did not au-
thorize the erection of a building or the creation of any encum-
brance on the property before the consummation of the sale by
delivery of the deed.   The cases which hold that a lessee who
is authorized to make repairs or improvements on the premises
cannot create a lien against his lessor, stand on the ground that
a lien is created against the estate of the lessee under the Pub.
Sts. c. 191, § 36, and the statute cannot be construed to give at
the same time, under such circumstances, a lien against the es-
tate in reversion.   *Francis* v. *Sayles*, 101 Mass. 435.   *Conant* v.
*Brackett*, 112 Mass. 18.

The petitioner did not fully perform his contract, and the par-
ties have agreed that he was not prevented from completely per-
forming his part of it solely by reason of the failure of Pope
in that regard, and without his own default.   The case, there-
fore, does not come within the provisions of the Pub. Sts. c. 191,
§ 23, and the question is presented whether there are any other
circumstances except those described in that section which will
permit a contractor who has not fully performed his contract to
have a lien under this chapter.   This section relates only to
cases in which the contractor failed to perform his part of the
contract because the employer failed to perform his.   There are
other cases where a builder may recover, under a contract to
erect or repair a building on real estate, without showing com-
plete performance of his contract.   If he has acted in good
faith in an effort to perform it, and has substantially, although
not fully, performed it, he may recover the contract price, less
such deduction as should be made on account of the errors or
omissions in doing the work.   *Reed* v. *Scituate*, 5 Allen, 120.
*Powell* v. *Howard*, 109 Mass. 192.   If there has been a waiver
of performance by the owner, the same result follows.   Section
23, above referred to, applies to a case where the claim of the
contractor is in the nature of a suit for damages for breach of
the contract, and not for a debt due under the contract.   With-
out the provision contained in this section there would be no lien
in such a case; but it is not needed where the contractor can
recover the contract price of his work and materials, either in

full or with deductions, and a lien may be maintained under § 1 in the latter case.  *Smith* v. *Norris*, 120 Mass. 58.

The only remaining question relates to the interpretation of the agreed statement of facts in reference to the nature of the petitioner's claim.  It is said that there was an entire contract to excavate the whole of the cellar, and it is agreed that Pope failed to perform his part of the contract with the petitioner, and that the petitioner did not fully perform his part of it, and was not free from fault.  It also appears that the petitioner was ordered by Pope to remove his men and implements and stop work, and was notified that the work would be completed and the expense of completing it charged to his account.  It would seem that he stopped work with an understanding, for which Pope was responsible, that he was to receive the contract price of his work less such deductions as should be made for work done by Pope in accordance with the notice, and for previous defaults, if any.  The agreed statement then goes on to say, that "there is due the petitioner for the labor performed and furnished by him on said cellar, after allowing the respondents by way of recoupment any damages sustained by any neglect or refusal of the petitioner to perform his contract, the sum of three hundred and fifty dollars."  We construe this as an agreement that, under the arrangement between the parties, this sum is due as compensation for his labor, for which he would be entitled to recover in an action at common law, even though he could not maintain an action for damages for a breach of the contract, and cannot bring himself within the provisions of the Pub. Sts. c. 191, § 23. If we are right in this construction of the agreement, the petitioner has established his lien.

Technical questions of pleading are not open on an agreed statement of facts, and the respondents cannot successfully defend on the ground that the petitioner alleges performance of the contract while the proof shows that it was not fully performed.

*Judgment for the petitioner.*