ERIC G. BERGFORS *vs.* EDWARD CARON.

Norfolk.     November 22, 1905. — January 4, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Mechanic's Lien.     Contract.*

At the hearing upon a petition under R. L. c. 197, to enforce a mechanic's lien it appeared that the contract price for the work which the petitioner was to do including labor and materials was a round sum of $200. The jury found that the petitioner did not fully perform his contract, that by reason of this failure $25 should be deducted from the contract price, and that the value of the labor and material furnished was $175. *Held*, that these findings were consistent with a finding that the petitioner attempted in good faith to perform his contract and substantially performed it, and that, the petitioner having received already $50 on account, an order of the presiding judge that the lien be established for the sum of $125 should be sustained.

PETITION, filed September 4, 1903, to enforce a mechanic's lien.

At the trial in the Superior Court before *Hitchcock*, J. there was evidence that the petitioner made an oral contract with the respondent, by the terms of which the petitioner was to move a barn a distance of one hundred feet more or less, and furnish the work, labor and materials necessary to remodel the barn, so that it might be used by the respondent as a dwelling house, for which the respondent was to pay the petitioner the sum of $200.

The petitioner testified that he finished the work and furnished the materials required of him by the agreement between himself and the respondent. This was denied by the respondent and two other witnesses, a mason and a carpenter, who testified to work done by them on the building and its foundations after

the time at which the petitioner testified that he had finished the work. It was also in evidence that the amount paid to the, mason and the carpenter by the respondent for the work done by them on the building after it was left by the petitioner was $39.50.

The petitioner, the respondent and two other witnesses testified as to what the work, labor and materials furnished were worth; and it was admitted that the petitioner had received $50 on account of work done and materials furnished.

Four issues were framed and submitted to the jury, which with the answers thereto were as follows :

" 1. Did the petitioner perform the labor and furnish the materials called for by the oral agreement between the petitioner and the respondent? The jury answer, no.

" 2. If the petitioner did not fully perform his contract what deduction should be made from the contract price by reason of such failure? The jury answer, $25.

" 3. What was the value of the labor rendered and furnished by the petitioner under this contract? The jury answer, $80.

" 4. What was the value of the materials furnished by the petitioner and actually used by him in the performance of the contract? The jury answer, $95."

After this verdict the petitioner moved for an order to establish the lien, and thereupon the respondent requested the judge to rule as follows :

This being a petition to enforce a mechanic's lien under an entire contract for an entire price, the jury having found that the petitioner did not perform the labor and furnish the materials called for by the oral contract between himself and the respondent, there being no evidence that the failure to perform the contract was due to mistake or misunderstanding or to anything else save the petitioner's own fault, or that the contract lacked performance in unimportant details, the testimony of the petitioner being to the effect that he performed the labor and furnished the materials called for by the contract, and the testimony offered by the respondent, which was not controlled, and the answer of the jury to the second issue submitted to it showing that the contract lacked substantial performance by the petitioner this lien cannot be enforced and should be dissolved.

The judge refused to rule as requested, and ordered that the lien be established for the sum of $125 with interest from the date of the petition, and that the interest of the respondent in the land described in the petition be sold, together with the building thereon, and the proceeds of the sale distributed in the manner provided by law. The respondent alleged exceptions.

*E. J. Parker*, for the respondent.

*J. L. Edwards*, for the petitioner.

KNOWLTON, C. J. This is a petition to enforce a mechanic's lien. The contract price for the work which the petitioner was to do, which included labor and materials, was $200. Four issues were submitted to the jury, on which they returned a verdict saying that the petitioner did not fully perform his contract, that $25 should be deducted from the contract price by reason of his failure fully to perform it, and that the value of the labor performed and furnished and of the materials furnished by the petitioner was $175. These findings are entirely consistent with the finding that the petitioner attempted in good faith to perform his contract, and substantially performed it. In *McCue* v. *Whitwell*, 156 Mass. 205, 207, which was a petition to enforce a mechanic's lien, this court said, "There are other cases where a builder may recover, under a contract to erect or repair a building on real estate, without showing complete performance of his contract. If he has acted in good faith in an effort to perform it, and has substantially, although not fully, performed it, he may recover the contract price, less such deduction as should be made on account of the errors or omissions in doing the work." This is an application of a rule of the common law to suits for the enforcement of mechanics' liens.

The evidence is not reported, and the bill of exceptions contains but a brief statement of facts. At the hearing before the judge, the respondent made a request for a ruling which assumed conditions in regard to the evidence, some of which do not appear in the bill of exceptions. There was nothing in the case to preclude the judge from finding that the petitioner, in good faith, attempted to perform the contract, and accomplished a substantial, although not a complete, performance of it.

*Exceptions overruled.*