---

### In re BACH et al.

(District Court, W. D. Washington, N. D. April 3, 1914.)

No. 5224.

BANKRUPTCY (§ 211*)—LIENS—DETERMINATION OF STATE COURT—STAY.

Where, prior to the filing of a bankruptcy petition, certain claimants had sued to foreclose loggers' liens on logs belonging to the bankrupts, in accordance with the state statute, and the logs had been sold and the money deposited in the registry of the state court, and prior to the issuance of a restraining order in the bankruptcy proceedings the trial judge had rendered his decision in favor of the lien claimants, adjudging the amount due them and directing the preparation of formal findings and decree, the entry of the formal judgment was a mere ministerial act, and would not be enjoined, nor would the fund be transferred to the bankruptcy court for distribution.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321, 323; Dec. Dig. § 211.*]

In Bankruptcy. In the matter of bankruptcy proceedings against Harry Bach and others. On motion to dissolve a restraining order. Granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Byers & Byers, of Seattle, Wash., for the motion.
Edward H. Chavelle, of Seattle, Wash., opposed.

NETERER, District Judge. On February 7, 1914, the above bankrupt filed his petition in voluntary bankruptcy, and an order of adjudication was entered. On the 13th a restraining order was issued restraining certain parties and attorneys from further proceeding in a certain action pending in the superior court for Kitsap county wherein the said bankrupts are defendants. A motion has been made to dissolve the restraining order, and upon the hearing of this motion it appears that prior to the filing of the petition numerous lien claimants had commenced an action against the above bankrupts seeking to foreclose loggers' liens upon logs upon which they had rendered services pursuant to the provisions of the statutes of the state of Washington; that pursuant to law and on application therefor the judge of the superior court of the state of Washington for Kitsap county appointed the sheriff to sell the logs and to pay the money into the registry of the court. This was done, and on the 11th of February, the said action came regularly on for trial upon the testimony of the plaintiffs in the foreclosure of said liens, and the presiding judge at the time and prior to the issuance of the restraining order had announced and rendered his decision in favor of the said lien claimants adjudicating the amount due to the said lien claimants, and directed the formal preparation of findings and decree, the same to be presented to the judge for signature the following morning.

On the statement made upon the hearing of this motion, I am satisfied that this motion to dissolve the restraining order should be granted. The announcement of the decision of the trial judge of the state court adjudicating the amount due to the several claimants and directing the preparation of the final decree is an adjudication of the issue between the various lien claimants and the bankrupt, and the entry of the formal judgment on the following day is purely a ministerial act. Black on Judgments, § 106. Adopting the language of the Supreme Court of the United States in Hobbs v. Head & Dowst Co., 231 U. S. 692, 34 Sup. Ct. 253, 58 L. Ed. ——:

"We shall not speculate upon that point, beyond saying that we see no reason to doubt that the state court was right (Bergfors v. Caron, 190 Mass. 168 [76 N. E. 655], and cases in 27 Cyc. 85, 87, and 20 Am. & Eng. Encyc. of Law [2d Ed.] 366–368), as we are satisfied that substantial justice has been done."

The matter having in effect been disposed of by the state court, no good purpose can be served by transferring the money in the possession of the state court, decreed to belong to the lien claimants, to this court, with added expense in its distribution.

An order may therefore be entered dissolving the restraining order.