Merrick, P.J.
This is a G.L.c. 254, §4 action by the plaintiff-subcontractor to establish and enforce a mechanic’s lien. Judgment was entered for the plaintiff on *48 the parties’ cross-motions for summary judgment, and the defendants filed this Dist./Mun. Cts. R. A. D. A., Rule 8C appeal.
Defendant Donelan’s Supermarkets, Inc. (“Donelan’s”) operates a market at 248-250 Great Road in Acton, Massachusetts on premises leased from defendants George and Rose Gould, Trustees of the Nagog Knoll Realty Trust (‘Trustee-Owners”). On January 7, 2002, Donelan’s entered into a written contract with Miller Builders, Inc. (“Miller Builders”) to renovate and expand its supermarket at the Great Road location. Miller Builders in turn hired a number of subcontractors to perform the work, including plaintiff C & H Masonry, Inc. (“C & H”). Although C & H satisfactorily performed all its work, Miller Builders paid it only $2,000.00 of the $10,280.00 due to C & H under its subcontract.
The contract price in the general contract between Donelan’s and Miller Builders, including undisputed change orders and adjustments, was $904,274.31. As of August 21, 2002, Donelan’s had honored every invoice submitted by Miller Builders, having paid $824,466.93 and having credited five (5%) percent ($40,692.34) as “retainage” to be paid only upon Miller Builder’s completion of the job and any “punch list.”[3] Miller Builders abandoned the job in August, 2002, however, without justification and prior to substantial completion. At the time of the abandonment, Miller Builders owed its subcontractors, including C & H, a total amount which was two or three times the $79,807.38 balance on the general contract which would have been earned if Miller Builders had completed that contract. Donelan’s completed the job using other contractors at a cost of $103,089.76, and claims that this cost was $16,649.93 above the original contract price even after credit for retainage.
On October 8, 2002, C & H filed a notice of contract under G.L.c. 254, §4, and served copies on both Donelan’s and the Trustee-Owners. After filing a notice of account showing a balance due of $8,280.00, C & H commenced the present suit to establish and enforce a statutory lien. As noted, summary judgment was entered for C & H and the defendants have appealed.
1. The party which, by implication, authorized Miller Builders to enter into a subcontract with C & H was Donelan’s and not the Trustee-Owners. As to the claim against the Trustee-Owners, there are no facts supporting a conclusion that the Trustee-Owners or anyone on their behalf contracted with Miller Builders. Permission by a lessor for the lessee to make repairs or alterations, even coupled with the lessor’s knowledge that work is progressing, does not give the contractor a right to a lien on anything but the leasehold interest. Conant v. Brackett, 112 Mass. 18 (1873). See Roxbury Painting & Decorating Co. v. Nute, 233 Mass. 112, 118 (1919).
It would be a great stretch of construction to say that the lessor, whose demise really has the effect of an alienation so long as the terms last, and who has parted with the control of the property during that time, agrees or consents, or authorizes to consent for [the lessee] to the contract under which the petitioners claim.
Francis v. Sayles, 101 Mass. 435, 439 (1869). Section 4 of G.L.c. 254 provides for a “lien upon such real property, land, building, structure or improvement owned by the party who entered into the original contract as appears of record at the time of such filing [emphasis supplied].” If C & H is entitled to a lien in this case, it would be limited to a lien upon the leasehold interest of Donelan’s. G.L.c. 254, §25.
*49 2. Section 4 of G.L.c. 254 provides, in pertinent part:
Such lien shall not exceed the amount due or to become due under the original contract as of the date notice of the filing of the subcontract is given by the subcontractor to the owner.
It was C & H’s position that “the amount due or to become due under the original contract” includes the full price of the general contract less any amounts already paid, regardless of whether the contractor has earned or in fact does earn in the future anything more than the amounts paid. In fairness to counsel and to the trial judge, summary judgment was decided and this appeal was filed and briefed before the Supreme Judicial Court’s decision in BloomSouth Flooring Corp. v. Boys’ and Girls’ Club of Taunton, Inc., 440 Mass. 618 (2003). In interpreting G.L.c. 254, §4, the Court held in BloomSouth that “the phrase ‘to become due’ means ‘to become owed’ or ‘to become payable.’” Id. at 623. As in the present case, the general contractor in BloomSouth had abandoned the job, which required the customer to expend funds in excess of the original contract. The Court held that “there was no amount owed or payable to [the general contractor] at the time the plaintiffs filed their notices of subcontract. By abandoning the project... [the general contractor] committed a wilful default that terminated any right it may have had to further payment under the contract.” Id. The Court went on to note:
Our interpretation is consistent with the rule of other jurisdictions with statutes that limit the lien to the amount due the contractor at the time notice is served on the property owner or to an amount that may become due afterward, [citations omitted] ‘Where a state follows this rule, the subcontractor’s claims can be reduced by any setoffs or counterclaims which the owner may have against the general contractor, and the owner may expend the unpaid balance of the contract price for labor and materials that are necessary for the completion of the job according to the original contract.’

Id.

C & H argues, as did the plaintiff-subcontractors in BloomSouth, that at least the retainage should be paid to the subcontractors because the work for which it was withheld had already been performed. The BloomSouth Court ruled, however, that the retainage was not due to the general contractor until it completed the job and that there could be no recovery by subcontractors of amounts not collectible by the general contractor. Id. at 624.
3. C & H conceded at oral argument that, applying BloomSouth, its summary judgment motion should have been denied. C & H argued, however, that the defendants’ cross-motion was properly denied because there remained a question of fact as to whether the general contract had been substantially completed in good faith by the general contractor. Indeed, the BloomSouth Court distinguished that case from one in which a general contractor “performed substantially under the contract so as to justify further payment.” Id. at 623. See Bergfors v. Caron, 190 Mass. 168, 170 (1906); McCue v. Whitwell, 156 Mass. 205, 207-208 (1892).
The difficulty with that argument in this case is that C & H did not present it to the motion judge. C & H filed its summary judgment motion first. It relied not upon an affidavit, but upon a “Statement of Undisputed Facts” set forth in its supporting brief. C & H admitted in that brief to the abandonment by Miller Builders and the figures recited above “for purposes of this motion only.” C & H then argued the issue discussed above. The defendants countered, however, with a cross-motion and a supporting affidavit which affirmatively asserted the *50 figures recited above and concluded both that nothing was owed to Miller Builders and that Donelan’s expended more than the contract price to complete the contract work.
The burden was on C & H to prove its establishment of a mechanics lien. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002). As the moving party, the defendants were “entitled to summary judgment” if they demonstrated “by reference to materials described in Mass. R. Civ. P., Rule 56(c), unmet by countervailing materials” that C & H had “no reasonable expectation of proving an essential element of [its] case.” Isaacson v. Isaacson, 2000 Mass. App. Div. 233, 234, citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). C & H filed no affidavit contesting either the fact of Miller Builders’ abandonment of the project, or the fact of Donelan’s expenditure of funds in excess of the contract price. While facts necessary to contest the defendants’ affidavit may not have been in its possession, C & H did not request a continuance of the hearing under Mass. R. Civ. P., Rule 56(f), to obtain discovery. Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 400-401 (2003). The defendants’ motion for summary judgment should have been allowed.
Summary judgment for the plaintiff is reversed and vacated. Summary judgment is to be entered for the defendants.
So ordered.

 Donelan’s calculates the $40,692.34 retainage by estimating that the $904,274.41 general contract job was 90% complete, factoring that figure by .90 to get a work value of $813,846.88 and taking 5% of the latter figure.