Houston, J.
This is a civil action to enforce a mechanic’s lien asserted by United HVAC (“United”) against CP/HERS Somerville Corp’s (“CP/HERS”) fee interest in certain real property. This matter is before the court on CP/HERS’ motion for summary judgment. For reasons below, the motion is ALLOWED.

BACKGROUND

The undisputed material facts are as follows:
On April 18,2000, Cathartes/AEW 70 Inner Belt, LLC (“Cathartes”), fee ownerof70 Inner Belt Road, Somerville (“the premises”), entered into a lease agreement with Worldwide Fiber Networks, Inc. for 32,705 square feet of commercial space at the premises. On or about June 7, 2000, Worldwide Fiber Networks, Inc. changed its name to 360networks (USA), Inc. (“360networks”). On September 25, 2000, 360networks and Turner Construction Company (“Turner”) entered into a contract for improvements at 360networks’ leased space at the premises. United was the heating, ventilation, and air-conditioning subcontractor to Turner.
On November 16, 2000, CP/HERS purchased the premises from Cathartes and became the lessor under the lease between Cathartes and 360networks. CP/HERS assumed no liability from Cathartes other than the lease agreement. On June 28, 2001, 360net-works filed for Chapter 11 bankruptcy protection in the Bankruptcy Court for the Southern District of New York (No. 01-13721). It is not clear from the record whether this was prior to completion of Turner’s improvements at the premises. On August 16, 2001, United recorded a Notice of Contract, pursuant to G.L.c. 254, §4 (2004).[1] United now seeks to enforce a purported lien against CP/HERS’ fee interest.

DISCUSSION

Summary judgment shall be granted where there is no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. MassR.Civ.P. 56(c); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976).
The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A moving party who does not have the burden of proof at trial may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating by reference to undisputed summaiy judgment material that the opposing party has no reasonable expectation of proving an essential element of their case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711-12, 714, 716 (1991). Further, summary judgment is also appropriate “if only a question of law is involved.” Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983) (quoting Community Nat’l Bank, 369 Mass. 550, 553 (1976)).
*578 Once the moving party has met their burden of demonstrating the absence of a triable issue, the opposing party may not rest upon the allegations of their pleadings and mere assertions of disputed facts. Mass.RCiv.P. 56(e); LaLonde v. Eissner, 405 Mass. 207, 209 (1989); Community Nat’l Bank, 369 Mass, at 554. Rather, the opposing party must set forth, by affidavit or as otherwise provided in Mass.RCiv.P. 56(c), specific facts establishing a genuine issue of material fact. Mass.RCiv.P. 56(e); Pederson, 404 Mass, at 17 (1989); Community Nat’l Bank, 369 Mass, at 554.
It is clear that the lease agreement between 360net-works and CP/HERS was drafted in contemplation of tenant improvements, and that the lease gave CP/HERS a certain degree of control over these contemplated improvements. Disputes nevertheless exist as to the exact nature of control granted by the lease, the degree to which CP/HERS actually exercised that control, and the degree to which CP/HERS benefited from the improvements contemplated and ultimately performed. These disputed facts, however, are all rendered immaterial by a dispositive question of law. See Cassesso, 390 Mass, at 422. For reasons below, regardless of a lessor’s consent, control, or benefit, so long as a contract for lessee improvements is between the lessee and general contractor, a subcontractor may only perfect and enforce a lien against that lessee’s leasehold interest, and not the lessor’s fee interest.
We begin our analysis by acknowledging the common-law principles that mechanic’s liens are in derogation of common law, are created only by statute, and that ambiguities in the statute must be interpreted against the party asserting the lien. See NG Brothers Construction, Inc. v. Cranney, 436 Mass. 638, 644 (2002); Valentine Lumber & Supply Co. v. Thibeault, 336 Mass. 411, 413 (1957). As such, we turn to the plain language of the statute to decide this controversy.
G.L.c. 254, §4 governs the perfection of liens on behalf of subcontractors. Section 4 explicitly provides that “upon filing or recording a notice [of subcontract], as hereinbefore provided, and giving actual notice to the owner of such filing, the subcontractor shall have a lien upon such real property . .. owned by the party who entered into theoriginalcontractas appears of record at the time of such filing . . .” G.L.c. 254, §4 (emphasis added). It is undisputed that the party who entered into the original contract with Turner was 360networks, not CP/HERS, and that “such real property” owned by 360networks was its leasehold interest in the premises. Accordingly, assuming that United properly followed all other procedural steps mandated by c. 254, United has perfected a lien against 360network’s leasehold interest only,[2] and it is only against that interest which United may now seek enforcement.[3]
At least one Massachusetts case has dealt with a similar situation. In that case, a general contractor contracted with a tenant to perform certain renovations at the tenant’s supermarket. C&H Masonry, Inc. v. Gould, 2004 WL 527924, *1 (Mass.App.Div. 2004). The masonry subcontractor, after having been refused payment by the general contractor, sought to have a mechanic’s lien enforced against the fee owner of the property. Id. Reading the language of §4 and §25 identically to this court today, the appellate division ruled that “if [the subcontractor] is entitled to a lien in this case, it would be limited to a lien upon the leasehold interest of [the tenant].” Id. at *2.
United raises two primary legal arguments in opposition to summary judgment that are of no merit. First, United makes much of CP/HERS’ alleged consent to 360network’s improvements, its alleged control of the construction process, and its alleged benefit from the completed improvements. According to the plain language of §4, as discussed above, these factors are irrelevant to this case — a subcontractor may only have a lien against the party with whom the general contractor has contracted. Here, that party is 36onetworks, not CP/HERS.[4] Second, United also argues that they had “an equitable right” to expect payment from CP/HERS, by virtue of an alleged implied contract existing between United and CP/HERS. The court need not address this argument — even if there exists an implied contract for payment, such contract does not create a right to a lien against CP/HERS’ property interest. The right to a mechanic’s lien, as we have stated, is derived solely from statute, and does not arise from the common law of implied contract or any other doctrine. Gale v. Blaikie, 129 Mass. 206, 209 (1880) (“The lien is not a common-law right, but a creature of the statute. It can be preserved and enforced only by a strict compliance with the requirements of the statute. There are no equities to be invoked in aid of it.”). We therefore need look only to the statute to determine if United has a valid and enforceable lien against CP/HERS’ fee interest, and upon doing so, it is clear that they do not.

ORDER

For the forgoing reasons, it is hereby ORDERED that summary judgment enter for the defendant.

The notice of contract, included in the summary judgment record, might be facially invalid, as it erroneously indicates “CP/HERS Somerville Corp.” as the party with whom Turner had contracted. The record is clear that Turner entered into a contract with 360networks, and 360networks alone.

Indeed, G.L.c. 254, §25 contemplates the perfection and enforcement of liens against estates less than fee simple. “If the person for whom the labor has been performed or with whom the original contract has been entered into . . . has an estate less than a fee simple in the land ... the lien shall bind such person’s whole estate and interest in the property . . .” G.L.c. 254, §25.

It appears from the record before us that the entity known as 36Qnetworks (USA) no longer exists. This fact is of no concern to this court, as the mechanic’s lien law is a legal, not equitable, device. Gale v. Blaikie, 129 Mass. 206, 209 (1880). To the extent that c. 254 may produce an unjust result in cases such as this, that matter is for the legislature to remedy, and not the court.

This court acknowledges, however, that the statute and case law does suggest that a certain undefined degree of lessor consent, control, and benefit might enable a general contractor to enforce a lien against a lessor even where the contract has been entered into with a lessee. Specifically, G.L.c. 254, §2, which governs general contractor’s mechanic’s liens, provides that “a person entering into a written contract with the owner of any interest in real property, or with any person acting for, on behalf of, or with the consent of such owner. . . shall have a lien upon such real property.” Id. (emphasis added). Substantial case law has also raised the possibility that when a general contractor contracts with someone other than the fee owner of the properly, the general contractor may enforce a lien against the fee owner’s interest if the fee owner has consented to the tenant’s or prospective purchaser’s improvements. See, e.g., Roxbury Painting & Decorating Co. v. Nute, 233 Mass. 112, 115 (1919) (“When an owner of land agrees to sell it and allows one who has agreed to buy it to take possession of the property, the owner does not thereby authorize such person to impose a lien on the land, unless by implication the owner authorized the purchaser to contract for the repair and alteration of the building.”): Conant v. Brackett, 112 Mass. 18, 19 (1873) (“There was no agreement with or consent of the owner of the building or any person having authority firom or acting for him. The lease authorized the lessee only to make repairs at his own expense. The petitioner, therefore, has no lien [against the fee holder].”); Hayes v. Fessenden, 106 Mass. 228, 230 (1870) (“[A mechanics lien] can be established only in the manner authorized by the statute; which requires an agreement or consent, express or implied, on the part of the owner whose interest in the land is sought to be charged with the lien.”) (Citing Francis v. Sayles, 101 Mass. 435 (1869)) (Emphasis added.) United’s reliance upon these cases, however, is misplaced, because the statute — from which the right to a mechanic’s lien is solely derived — makes clear that consent of the fee owner is only relevant as to a general contractor’s lien, and not a subcontractor’s lien. While this court is inclined to agree that it is illogical to grant a general contractor, but not a subcontractor, a lien against a lessor’s fee interest when the lessor consents to, controls, or benefits from a lessee’s improvements, it is not this court’s place to amend the statute to suit its own notion of fairness. Just as the legislature amended the mechanic’s lien law in 1996 to correct several historical inadequacies, it may do so again to correct those that might remain.