Wm. D. Seltzer, trustee, *v.* Issacher Robbins, and John Grant, John Morrison, O. Thomas, A. Powell, Wm. Walthers, Henry Stine and James Whelen, trading as the National Polo Club of Shenandoah, Pa., Appellants.

*Landlord and tenant—Mechanic's lien—Leasehold—Judgment—Collateral attack upon judgment—Possession—Evidence.*

A mechanic's lien was filed against a building erected upon leased premises. Subsequently the landlord entered judgment in an ejectment clause in the lease, and was put in possession of the premises by the sheriff. After the landlord had taken possession the sheriff sold under the mechanic's lien the assumed leasehold interest of the tenant. The judgment entered under the ejectment clause was opened to let the tenant into a defense, but the landlord retained possession, and was in possession when the sheriff's deed was acknowledged. The purchaser at the sheriff's sale brought ejectment against the landlord. *Held*, (1) that in the trial of the ejectment the record of the confessed judgment was admissible in evidence to show that the lessee's rights had terminated before the sheriff's sale; (2) that as long as the record stood with a judgment not set aside, and a writ upon it, by which the landlord held possession, his right could not be questioned in a collateral action between him and third parties; (3) that a judgment and verdict for the plaintiff should be set aside.

Argued Feb. 15, 1897.    Appeal, No. 386, Jan. T., 1896, by defendants, from judgment of C. P. Schuylkill Co., March T., 1886, No. 178 on verdict for plaintiff.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, and DEAN. JJ.    Reversed.

Ejectment to recover possession of a lot of ground in the borough of Shenandoah. Before LYONS, P. J., of the 41st judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court.

At the trial the following offer was made :

Mr. Whalen, of counsel for defendant : We offer in evidence amicable action in ejectment, Issacher Robbins against Robert M. Neal, filed January 12, 1885, to No. 51, March term, 1885, with the confession of judgment for premises described in the lease attached to the amicable action in ejectment, to wit : All that certain part of lots in the borough of Shenandoah, Pa.,

bounded and described as follows, viz : beginning at a point on
Lloyd street at the L. V. Railroad crossing and thence west
alongside of Lloyd street 30 feet; thence north 120 feet to a
lot owned by Widow Lawlor; thence to Bower street 58 feet;
thence south to Lehigh Valley Railroad; thence southwest along
railroad 42 feet to place of beginning. Signed by James B.
Reilly, attorney for defendant.

We also offer in this connection the lease attached to the
proceedings referred to for the purpose of showing the author-
ity or warrant of attorney from Robert M. Neal to any attorney
of the court of common pleas of Schuylkill county to appear
for him in said court, and enter an amicable action in ejectment,
in which the said lessor, to wit, Issacher Robbins or his as-
signees, shall be plaintiff and Robert M. Neal shall be defendant,
to recover possession of the premises demised, and to confess
judgment against Robert M. Neal in said action with costs of
suit, and to show the authority for issuing a writ of habere
facias possessionem or other writ of possession.

Also the writ of habere facias possessionem No. 11, March
term, 1885 ; Issacher Robbins v. Robert M. Neal for all that
certain part of lots in the borough of Shenandoah, Pa., bounded
and described as follows : beginning at a point on Lloyd street
at the Lehigh Valley Railroad crossing, and thence northwest
along side of Lloyd street 30 feet; thence north 120 feet to a lot
owned by Widow Lawlor; thence to Bower street, 58 feet;
thence south to Lehigh Valley Railroad; thence southwest along
the railroad 42 feet to the place of beginning; with the return
of the sheriff: " delivered possession of the within described
premises to the plaintiff on January 13, 1885, and costs paid
by plaintiff."

Also the appearance docket entry No. 51, March term, 1885,
Issacher Robbins v. Robert M. Neal, amicable ejectment, entered
January 12, 1885, judgment in favor of the plaintiff and against
the defendant for all that certain part of lots in the borough of
Shenandoah, Pa., bounded and described as follows, viz : be-
ginning at a point on Lloyd street at the Lehigh Valley Railroad
crossing, thence west alongside of Lloyd street 30 feet; thence
north 120 feet to a lot owned by Widow Lawlor ; thence south
to Lehigh Valley Railroad; thence southwest along railroad 42
feet to place of beginning ; with costs of suit as per agreement,

dated January 12, 1885, and filed. Habere facias possessionem, March term, 1885, No. 11. January 19, 1885, the within affidavit having been read and upon the record in the case, the court on motion of W. D. Seltzer, attorney for George F. Leitzel, grant a rule on Issacher Robbins, to show cause why the above stated judgment should not be stricken off and also should not be struck off for matters appearing upon the record. Returnable Monday, January 26, 1885. March 23, 1885, court direct the above rule to be modified so as to be a rule to open the judgment and let the defendant and terre-tenants into a defense, and that the same be made absolute. March 23, 1885, on motion of Ryon and Seltzer, court grant a rule on plaintiff to show cause why restitution should not be awarded to George F. Leitzel terre-tenant. Rule returnable March 30, 1885.

The Court: What is this evidence for?

Mr. Whalen : The purpose of the offer is to show that prior to the time that the mechanic's lien in this case was filed counsel representing Robert M. Neal appeared in the court of common pleas of Schuylkill county, by virtue of the authority contained in the lease between Robbins and Neal, and confessed a judgment for the premises against Robert M. Neal, upon which a habere facias possessionem issued to the sheriff of Schuylkill county, by virtue of which Issacher Robbins was put in possession of these premises; that he held the premises under such possession and by virtue of said writ, and that Robert M. Neal never had restitution of said premises awarded to him by said court, although a rule for that purpose is pending. This to show the possession in Issacher Robbins, together with the right of possession under the judgment of said court.

Mr. Ryon, of counsel for plaintiff : Plaintiff objects,

1. That there is nothing upon the record to show that there was any default under the terms of the lease which would justify the entry of such a judgment.

2. That the judgment on its face is utterly void. .

3. That it is no judgment. The court having opened it to let the defendant and terre-tenants into a defense as of the date of March 25, 1885. Therefore, whatever might have been the effect of it as a judgment prior to that date, after, it ceased to be a judgment.

4. It appears from the evidence already before the court,

which is undisputed, that the mechanic's lien in question and
other liens referred to, were liens upon the premises described
in an amicable ejectment prior to the date of the entry thereof,
and it also appearing that they were liens prior to the transfer
of the interest of Neal to Leitzel and Ball before the entry of
said amicable judgment; that said judgment as against Neal
alone would have no possible effect in this case as evidence,
because the property was then in the possession and owned by
terre-tenants who were entitled to notice, and before any valid
or legal possession could be delivered to Mr. Robbins, the plain-
tiff in that case, the terre-tenants were entitled to be brought
into court by proper proceedings.

5. As the defendant has proved that the title of Neal in said
entire lease for three fourths of the rink building was trans-
ferred to Robbins on November 11, 1884, and on November 18,
1884, the balance of said rink was transferred to Robbins, that
said lease merged and became extinct as to everybody except
creditors, or rights with which such a right might interfere, and
such being the fact there could be no judgment under any con-
ditions or circumstances entered under a lease against Neal, the
original lessee, because he had no interest in the same, and such
a judgment would be utterly void as against anybody.

6. That the entry of such judgment was a fraud upon the
terre-tenants as well as upon the creditors and did not bind
either.

7. It is not evidence in this case, because it is a judgment
not between these parties, but between other parties, who were
not parties or interested in this suit.

The Court: I will sustain the objection and reject the evi-
dence.   Defendant excepts.   Bill sealed. [5]

*Error assigned* among others was (5) rulings on evidence,
quoting the bill of exceptions.

*John F. Whalen,* with him *M. M. Burke,* for appellants.—The
appellants contend that inasmuch as the principal defendant,
Issacher Robbins, was in possession by virtue of the writ of
habere facias possessionem, the evidence offered should have
been admitted, if for no other purpose than to let the jury know
why the premises were detained from the plaintiff below, if he
had a right at any time to the possession.

Where a clause in a lease prohibits the transfer thereof by the lessee under penalty of forfeiture, the mortgaging of the leasehold by said lessee will constitute a sufficient ground of forfeiture : Becker v. Werner, 98 Pa. 555.

The plaintiff in the court below had only the title which R. M. Neal had on said leasehold ; and as the title of Neal had been divested or forfeited, the appellants submit that the record of the amicable action was material to this case, and should have been admitted.

*James Ryon*, with him *Wm. D. Seltzer*, for appellees.—Where the leasehold estate terminates before the trial of the case the plaintiff, though he cannot turn the defendant out of possession, is entitled to judgment so as to enable him to recover mesne profits, but with a perpetual stay of the writ of possession : Adams on Ejectment, 443 *n.* (4th ed.) ; Jackson v. Davenport, 18 Johns. Rep. 295 ; 6 Am. & Eng. Ency. of Law, 245 ; Price v. Sanderson, 18 N. J. Law (3 Harr.), 427 ; 1 Smith's Leading Cases, 617 ; Battin v. Bigelow, 1 Peters C. C. 452 ; Brown v. Galloway, 1 Peters C. C. 292.

The lease to Neal was for the purpose of building a skating rink, and Neal purchased the skates, placed them in the rink as a part of it. The fact that the skates were not attached to the building does not change the result. The skates were put into the building and were essential to the use of the building : Gray v. Holdship, 17 S. & R. 413 ; Meigs's App., 62 Pa. 28 ; Patterson v. Delaware Co., 70 Pa. 381 ; Voorhis v. Freeman, 2 W. & S. 116 ; Ege v. Kille, 84 Pa. 333.

OPINION BY MR. JUSTICE DEAN, May 27, 1897 :

On October 1, 1884, Issacher Robbins let to Robert M. Neal certain lots in the borough of Shenandoah, by written agreement, for a term of five years, at an annual rental of $150, payable monthly in advance. Neal took possession and put up a roller skating rink which he occupied for three months. There was a stipulation in the lease, accompanied by warrant of attorney to confess judgment in ejectment, that if the lessee made default in any payment of monthly rent for a period of thirty days, the lessor should have the right to confess judgment against lessee, and resume possession of the premises under habere facias pos-

sessionem.  Default in payment of rent being alleged by Robbins, on January 12, 1885, he instituted in the common pleas an amicable action of ejectment, confessed judgment against Neal, and the sheriff redelivered to him possession of the premises, on which were a lot of roller skates owned by Neal.  Prior to the judgment in ejectment, on December 8, 1884, David Williams filed a mechanic's lien for labor and material furnished in and about the erection of the building.  On this lien he obtained judgment February 16, 1885, after the landlord had resumed possession for nonpayment of rent; on this judgment execution was issued, and the assumed leasehold interest of Neal levied on and sold by the sheriff to W. D. Seltzer, this appellee, the sheriff executing to the purchaser a deed.  On this deed Seltzer brought ejectment against Robbins and others, doing business as the National Polo Club.  At the trial, the value of the building at the end of the five years term was claimed; also the profits which might have been made during the term; also the value of the roller skates.  It will be noticed, each proposition is based on the assumption that Neal's leasehold interest remained the same as when he took possession under his contract with Robbins.  The defendant contended the property was not the subject of a mechanic's lien; and further, that Robbins having resumed possession, because of the tenant's default, before the sheriff's sale on the lien, the purchaser took nothing which would support an ejectment or a recovery of mesne profits.

The court ruled in plaintiff's favor on all three propositions, and there was a verdict against defendants for $3,303.10.  From judgment entered on this verdict Robbins brings this appeal, preferring many assignments of error, but in the view we take of the law, it is only necessary to notice the fifth, complaining of the refusal of the court to admit in evidence the record of the original judgment.

The written contract was put in evidence by plaintiff; defendant, in answer, offered the records to show that possession was delivered to Robbins by the sheriff under a writ issued on a judgment in ejectment entered on the contract for default of lessee, and so was in possession when the writ in this suit was served upon him.  The purpose was to show that Neal's right had ended before the sheriff's sale.  On objection by plaintiff the court rejected the testimony.  This evidence was clearly

admissible. We must take the written offer as the exact truth; if admitted, it would have shown a resumption of the possession by Robbins under the terms of his contract before the sale on the mechanic's lien. The grounds on which the evidence was objected to were not sufficient to warrant its rejection; they, at most, aver irregularities in entering the amicable action and confessing the judgment; but Robbins was put in possession under a formal writ issued on a judgment of a court having jurisdiction, and although afterwards the judgment was opened to let the defendant, Neal, into a defense, no restitution of the premises was directed, and the court could not, in a collateral action between the purchaser on the mechanic's lien and the landlord, try the merits of an issue to open the judgment entered on the contract between the landlord and tenant. The mechanic's lien could bind only Neal's interest; that interest is measured by his contract; the record, if admitted, would have shown his interest had disappeared before the sheriff's sale. As long as the record stands with a judgment not set aside and writ upon it, by which Robbins holds possession, his right cannot be questioned in a collateral action between him and third parties.

The evidence ought to have been admitted, and if it had shown what it purports to show, that would have been the end of plaintiff's case, until Neal, in the original judgment, succeeded in having it wholly set aside, and the possession of the premises ordered restored to him.

The judgment is reversed, and a venire facias de novo awarded.