## LIPSCOMB et al. v. HOUGH et al.

(Court of Appeals of District of Columbia. Decided February 5, 1923.)

No. 3816.

**1. Mechanics' liens ☞76—Contractor with lessee estopped to deny knowledge of recorded lease.**

A builder, contracting with the lessee of premises to furnish labor and material thereon, with notice that he is dealing with the lessee, and not the owner, is estopped to assert ignorance of the terms of the lease, which was a matter of public record.

**2. Mechanics' liens ☞72—Covenant in lease that improvements should belong to lessor does not make lessee agent.**

In a lease of premises which were to be improved by the lessee, a covenant that the improvements at the expiration of the term would belong to lessor does not make the lessee an agent within the Mechanic's Lien Law, entitled to charge the property for the labor and materials used in the improvements.

**3. Mechanics' liens ☞72—Lessee ordering improvements held not agent of owner.**

Where the recorded lease, authorizing the lessee to make certain improvements on the premises, which were to become the property of the lessor, expressly provided it should not be construed to confer on the lessee any authority, express or implied, to impose or permit to be imposed any mechanic's lien or other charge on the property, the lessee was not the agent of the lessor within Mechanic's Lien Act July 2, 1884, authorizing the lien only where the work is done at the instance of the owner or his agent.

**4. Mechanics' liens ☞191—Statute giving lien on interest of lessee ordering work does not change former law.**

Code, § 1237, expanding the Mechanic's Lien Act to cover repairs or improvements made on the order of a lessee for a term of years, but providing that the lien for work on the order of the lessee shall extend only to his interest in the premises, does not materially change the former law.

Appeal from Supreme Court of the District of Columbia.

Suit by William P. Lipscomb and another, formerly copartners trading as William P. Lipscomb & Co., against Warwick M. Hough and others, enforcing a mechanic's lien. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

George P. Hoover and Andrew Wilson, both of Washington, D. C., for appellants.

H. Prescott Gatley and Stanton C. Peelle, both of Washington, D. C., for appellees.

Before VAN ORSDEL, Associate Justice, and MARTIN and SMITH, Judges of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Appellants, William P. Lipscomb and Edwin W. Davis, copartners doing business as William P. Lipscomb & Co., filed a bill in equity in the Supreme Court of the District of Columbia to enforce a mechanic's lien against premises located at 1416 H Street, Northwest, in the city of Washington. From a decree dismissing the bill, the case comes here on appeal.

This case involves a lease of the property in question, in which the lessee obligated itself to make certain repairs, alterations, and improvements on the property, to cost not less than $35,000, with the further provision in the lease that it should not "be construed to confer on lessee, its successors or assigns, any right or authority, express or implied, to impose or permit to be imposed, a mechanic's lien, or other lien or charge," upon the property or the interests of the lessor therein. It was further agreed that, upon the termination of the lease, the improvements should become the property of the lessor. The lease also contained a provision for its forfeiture in case of default of the lessee in payment of rent, taxes, or permitting any liens to be filed against the property.

Simultaneous with the execution of the lease, the lessee entered into a contract with appellant company for the construction of the improvements, estimated to cost approximately $40,000, but which resulted, upon a cost plus basis, in a total of $64,580.66. The contract was made with notice to the contractors that the lessee was not the owner of the property, but was holding it under a lease agreement.

[1-3] The single question presented by this appeal is whether or not the lessee was the agent of the owner, so as to obligate the estate of the owner for the lien here asserted. A builder, contracting with the lessee of premises to furnish labor and material thereon, with notice that he is dealing with the lessee, and not the owner, is estopped to complain of ignorance of the terms of the lease, where, as here, it was a matter of public record. "The means of knowledge are the same thing in effect as knowledge itself." Wood v. Carpenter, 101 U. S. 135, 143 (25 L. Ed. 807). Nor does a covenant in the lease, vesting in the lessor title in the buildings and improvements erected on the premises at the termination of the lease, create the relation of principal and agent between the lessor and lessee. As this court said in the analogous case of Albaugh v. Litho-Marble Decorating Co., 14 App. D. C. 113, 120:

"But this covenant involves no theory of agency, but quite the reverse. The parties to the lease dealt with each other, not as principal and agent, but practically as adverse parties. To hold that a lessor, covenanting with a lessee for the security of his interest under the lease, the payment of rent, probably, should construct a building upon the land in place of one to be demolished, would thereby and by virtue of such a covenant make the lessee his agent and bind himself personally, as well as his property, for the contracts of the lessee in the performance of the covenant, seems to us to be wholly without warrant either in law or in reason, and we greatly question whether even the most positive legislation could impose liability upon one person for the obligations of another in such a contingency. Certainly no such liability is imposed, or sought to be imposed, by our mechanic's lien law. The covenant in question is itself evidence of the intention of all the parties that the lessor should not be bound, for it specifically provides that the building should be surrendered at the end of the lease. *without charge to the lessor, her heirs or assigns.*"

This court again had occasion to consider the same question in Langley v. D'Audigne, 31 App. D. C. 409, 414, where Mr. Chief Justice Shepard, speaking for the court, said:

"The agreement between the owner and Key was a lease, not uncommon in form, and cannot be considered at all as of the nature of a building contract. * * * The relation created by the contract was that of lessor and lessee, and not of principal and agent. Such a contract is rather a negation of the fact of agency than otherwise. * * * The lessee in this case was bound by the rule of the common law, as well as expressly by his covenant, to keep the building in good repair during the term; and the fact that the lessor agreed to permit him, under conditions, to make improvements and extraordinary repairs, for which she would allow him the sum of $5,000, to be deducted from the rent at the rate of $1,000 per year, did not alter the relations of the parties as lessor and lessee, or convert the lessee into her agent for that particular purpose."

In the latter case, the statutes relative to mechanics' liens in this District (Act July 2, 1884, 23 Stat. 64) are reviewed at length, with the conclusion that a lien upon the premises can only be imposed where the building is erected or repaired at the instance of the owner or his agent. If the work is done and materials furnished at the instance of a lessee, or tenant for life or years, or a person having an equitable interest therein, the lien can only extend to the interest of the lessee, tenant, or equitable owner.

[4] The status of the law, as considered in the Albaugh and Langley Cases, which has become a rule of property in this District is not materially changed by section 1237 of the present Code, which expands the act to cover, not only a building erected or repaired by the owner or agent, but to cover repairs or improvements made upon the order of the owner in fee, or of a less estate, or a lessee for a term of years, or a vendee in possession under a contract of sale. The right of lien now given, however, where repairs or improvements are made upon the order of the lessee, extends only to the extent of the interest of the lessee in the premises. It follows, therefore, that the provision of the Code is fundamentally the same as in the former statute.

Since, in the present case, the lessee was not the agent of the owner, and possessed no interest upon which the lien could attach, there is no theory upon which complainant's right to assert a lien can be based.

The decree is affirmed, with costs.