B. R. Realty Corporation
vs.                    Eq. No. 7662
Phenix Nat'l Bank et al.

RESCRIPT

June 11, 1927

BAKER, J. Final hearing.

This bill is brought by the owner of the fee of certain property in Providence primarily to remove clouds on the title of said property and for other relief in connection therewith.

Of the many respondents named, decrees pro confesso have been taken against all but five, namely: H. L. Graham & Son, Inc., Allenson & Reynolds, James H. Tower Iron Works, Fred L. Pearce and H. R. Horton Co., whose rights in the matter are now before the Court.

The clouds on the title, as set out in the bill, relate to notices of intention to claim liens against the interests of one Radding, the Edward Radding Construction Company, and the Radwood Realty Corporation, in a portion of the property held by the complainant in fee.

Notices of intention to claim liens were also filed against the complainant company as owner of the property, but this matter is not involved in the present bill, which relates only to the liens claimed against the interests of Radding and those claiming by, through or under him, in the property in question.

The contention of the complainant is that said notices of intention to claim liens against the interests of Radding and those claiming under him are null and void, and that the prayers of the bill should be granted because of the fact that the leasehold interest which Radding had from the complainant in the property in question was forfeited and terminated by the entry, on December 11, 1925, of the lessor (the complainant) for breach of condition of the lease.

The respondents in answer to the bill urge substantially that there was such a community of interest between the various parties involved that the lease should not be forfeited so as to prejudice the rights of the respondent lienors, and that an officer of the complainant knew that the respondents were working on the premises in question and that no notification was given to them as to any breach of the conditions of the lease.

The testimony and the exhibits show without contradiction that the complainant company, in August, 1924, leased to Radding the premises involved for a period of upwards of 49 years. This lease was recorded September 6, 1924. It contained a provision that the lessee should expend $75,000 in alterations and improvements on the property, the work to commence within a certain time. This provision in the lease was in rather general terms and did not specify in detail the manner of carrying on the work. The lease further provided that if any tax should not be paid within fifteen days after it should become payable, then the lessor could re-enter upon or otherwise recover possession of the demised premises, and thereupon the lease and all rights of the lessee should determine. Radding took possession of the premises on or about September 1, 1924, and the complainant, as such, had no control over the property thereafter until December 11, 1925, when it re-entered for breach

of the provisions of the lease. The Radding Construction Company and the Radwood Realty Corporation had an interest in the premises by and under Mr. Radding.

The testimony proved conclusively that the taxes for the year 1925, which were payable during the month of October, were not paid by the lessee. Proper notices were given by the complainant to those in interest, including certain mortgages of the leasehold interest, but none of these parties within twenty days after the posting of said notices cured the default in question. After some negotiations, on December 11, 1925, the complainant, through its president and treasurer, entered and took possession of the property and ousted the operating company, and since said date has controlled and occupied the property and operated it by means of a company of its own. The respondents introduced but little testimony and none relating to their dealings with the complainant or to the materials furnished or work done by them, or the dates thereof.

It seems to the Court clear, and it so finds, that the complainant had a right to declare the lease in question forfeited because of the breach relating to the non-payment of the taxes, and that the complainant took the necessary step to bring this situation about.

A consideration of the evidence does not satisfy the Court that there was any such community of interest among the parties involved herein so as to constitute a defence to this bill. It is true that the parties involved were obviously friendly but it seems clear that about the time the lease in question was made Mr. Radding parted with his interest in the complainant company to Mr. Brown, treasurer of that company, who, from the first, has been the active manaer of that company. About the same time Mr. Brown parted with his interest in the Radwood Realty Cor-

poration and in the company operating the hotel, to Mr. Radding. In fact, it would seem as though the parties intentionally attempted to clearly separate the various companies and the interests of the men involved therein. On the testimony produced before the Court, keeping in mind that the various corporations are separate legal entities, the Court finds no such community of interest as would prevent the maintaining of this bill.

Considering the other general line of defence, it is clear from the provisions of the lien statute (Chap. 301, Sec. 2, Gen. Laws of 1923), that only the interest of the tenant can be taken in lien proceedings unless the consent in writing of the landlord is first obtained, assenting to such construction and acknowledging his estate to be also holden for the payment thereof. It is well settled that lien proceedings being in derogation of common law rights should be strictly construed.

McParlin vs. Thompson, 32 R. I. 291.

No direct consent in writing of the complainant company was ever given the respondents. They argue that the provision of the lease providing for improvements is equivalent to such a consent. The Court has very serious doubt as to the soundness of this contention. Assuming that improvements were contemplated, there is nothing in the lease which, in the judgment of the Court, meets the provisions of the statute relating to the acknowledging of the estate to be also holden for the payment. At all events, for the purposes of this case the Court finds that nothing has been presented by the respondents along the line above indicated which ought to be considered a defence to this bill relating to the removal of clouds on the title growing out of lien notices filed against the lessee's interest.

The principal claim of the respondents is in the nature of an equitable estoppel against the complainant. It would appear that during the time work was being done, the treasurer of the complainant company was on the premises and from time to time saw work proceeding. He gave no directions about said work and apparently paid little or no attention to it. At this time Mr. Radding, the lessee, and those claiming under him were in possession of the property. There seems to the Court to be no reason why the complanant or the complainant's officers should have notified the respondents with regard to a breach of the lease. The lease was on record and was constructive notice to all the respondents, and there is nothing to show that the respondents acted on the strength of anything which the complainant or its officers did or did not do. The respondents' dealings were entirely with the lessee of the property or those claiming under him.

Sullivan vs. Bradic, 44 R. I. 447;
Saunders vs. Bennett, 160 Mass. 48;
Francis vs. Sayles, 101 Mass. 435;
Ellis vs. Simpson, 202 N. W. (Ia.) 554.

A consideration of the evidence, in the judgment of the Court, reveals nothing in the nature of an estoppel of any kind against the complainant's position.

See also Lipscomb vs. Hough, 286 Fed. 775;
Hackinson vs. Vantine, 152 N. Y. 20.

This being the situation, it seems well settled that, after forfeiture by the landlord of a leasehold interest, a mechanic's lien against said leasehold interest can not be enforced.

Seltzer vs. Robbins, 181 Pa. 451;
Stetson, &c., vs. Pac. Amusement Co. 37 Washington 335.

The respondents referred briefly at the hearing to laches on the part of the complainant in asserting its rights, and that the respondents were prejudiced thereby. A consideration of the testimony, in the opinion of the Court, reveals no laches on the part of the complainant. It apparently acted with reasonable promptness after it was clear that a default in connection with the payment of the taxes had taken place.

The Court finds, therefore, nothing presented by the respondents which operates as a defence to the bill. In its opinion the forfeiture proceedings were properly taken and terminated the leasehold interest of Mr. Radding and those claiming by, through and under him, together with the rights of te respondents as lienors against all said interests.

Numerous issues of fact have been framed, most of which have already been answered.

Issues 1 to 32, with the exception of 5, 8, 11, 14 and 17, which are not in dispute, are answered yes.

Issues 33 to 39 are answered substantially no.

Issues 40, 41, 44, 45 and 50 can not be clearly answered from the testimony.

Issues 42, 43, 46, 47, 48, 49, 51, 52, 53, 54 and 55 are answered no.

Issue 56 is answered yes.

In the judgment of the Court the complainant is entitled to the relief asked for in the bill of complaint, and the prayers of said bill are granted.

For Complainant: Wilson, Churchill & Curtis, Philip C. Joslin.

For Respondents: Walling & Walling, Lyman & McDonnell, Arthur J. Levy, William S. Flynn, Edmund W. Flynn, Baker & Spicer, Walter I. Sundlun, Hinckley, Allen, Tillinghast & Phillips.